# El Pueblo *v.* Agrait.

## Apelación procedente de la Corte de Distrito de Arecibo.

No. 73. Resuelto en diciembre 5, 1905.

Nuevo juicio.—Descubrimiento de nuevas pruebas.—Relación de hechos.—Pliego de excepciones.—Si en la transcripción de autos presentada á los efectos de una apelación, no hubiere un pliego de excepciones ó una relación de hechos que contenga la prueba practicada en el juicio, no habrá términos hábiles para considerar y resolver si una moción solicitando un nuevo juicio por el descubrimiento de nuevas pruebas ha sido, ó no, debidamente denegada.

Apelación.—Acusación.—Lectura de la misma.—Para que el acusado pueda solicitar la revocación de la sentencia bajo el fundamento de que la acusación no le fué leída oportunamente, y de que no se le exigió que la contestara antes de someterse á juicio, es necesario que tales fundamentos aparezcan *justificados* por las constancias de autos, y si la transcripción no estuviere completa, se presumirá que todos los procedimientos han tenido lugar con arreglo á ley.

Id.—Documentos que constituyen los autos de la causa.—La transcripción de autos para la apelación, deberá contener una copia de todos los procedimientos á que se refiere el artículo 326 del Código de Enjuiciamiento Criminal, que son los que constituyen los autos de la causa.

Id.—Casos en que la transcripción de autos no estuviere completa.—Deberes de la parte apelante. —Aunque el Secretario de la Corte de Distrito tiene la obligación de remitir al del Tribunal Supremo una transcripción de todos los autos, sin embargo, el apelante tiene el deber de hacer que se presente la transcripción de autos perfecta y completa, y si no lo fuera, puede solicitar del Tribunal Supremo que se ordene al secretario de la Corte inferior que remita certificación del todo ó parte de los autos, según fuere el caso, ó el apelante puede presentarla sin necesidad de orden alguna.

Id.—Sentencia.—Una sentencia no es nula porque deje de expresar el delito imputado al acusado, siendo suficiente si, considerada en relación con la acusación, lo que es permitido, no deja duda alguna de que fué acusado, juzgado y convicto de un delito comprendido en la acusación y con respecto al cual la corte tenía jurisdicción para dictar sentencia.

Errores que no perjudican los derechos substanciales del acusado.—El Tribunal Supremo no prestará consideración alguna, en la resolución de una apelación, á aquellos errores de derecho cometidos por la Corte inferior, que no tiendan á perjudicar los derechos substanciales del acusado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

Abogado del apelante: *Sr. Cayetano Coll y Cuchí.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente causa es un proceso por infracción de la Ley Electoral. El procesado fué juez de elecciones en el precinto número 13-B del distrito electoral de Arecibo. Se presentó contra él una acusación el día 5 de mayo de 1905, alegando que cuando el elector Juan Padró Sánchez se presentó con su papeleta doblada para depositarla en la urna de escrutinio, el citado Tomás Agrait Delgado ilegal y fraudulentamente declaró que la papeleta había sido mostrada á alguno y la arrebató de la mano de dicho elector, haciéndola pedazos, y el juez presidente inmediatamente mandó al policía que llevase al elector fuera del Colegio Electoral, impidiendo ilegalmente de esta manera que depositara su voto. De acuerdo con esta acusación el procesado fué juzgado ante la corte, sin jurado, y fué pronunciado culpable, y en 29 de junio de 1905 fué condenado á un año y seis meses de presidio, con trabajos forzados, y al pago de las costas del proceso, y después de haber prestado una fianza de dos mil dollars, interpuso recurso de apelación para ante esta corte.

El licenciado Cayetano Coll y Cuchí compareció en representación del acusado, y pronunció un argumento en esta corte, presentando tres puntos en los que funda su pretensión que se revoque la sentencia.

1. El primer punto es que debía habérsele concedido un nuevo juicio al acusado con motivo de pruebas descubiertas después del juicio. Esta cuestión se resolvió satisfactoriamente por el Hon. José R. F. Savage, el Juez de Distrito, en un dictamen emitido por él, denegando la moción para un nuevo juicio. Las nueve declaraciones juradas que acompañan la moción para el nuevo juicio

tienden á establecer dos proposiciones. Una de éstas es que los colegios electorales en los precintos 13—A y 13—B estaban situados en el mismo edificio y las personas que se encontraban en uno podían ver lo que pasaba en el otro. La segunda es que el testigo de cargo Juan Padró Sánchez, después del juicio, manifestó á varias personas que había sido persuadido á procesar el acusado por razones políticas. Esta manifestación no se hizo bajo juramento, sino casualmente en una conversación entre amigos.

No hay en los autos ni pliegos de excepciones, ni exposición de hechos y no hay manera alguna de determinar cuáles eran las pruebas presentadas en el juicio. El juez Savage dice en su dictamen que las declaraciones juradas, en cuanto se refieren á la situación de los colegios electorales, son completamente acumulativas, y que la situación de dichos colegios electorales fué debidamente descrita por los testigos que declararon en el juicio y que nada de lo expuesto en las declaraciones juradas podía variar el testimonio presentado en la corte. En cuanto á las declaraciones juradas que acompañan á la moción contradicen lo declarado por el testigo de cargo, sólo demuestran manifestaciones hechas por él, no bajo juramento, que contradicen aquellas declaraciones que hizo él durante el juicio y bajo juramento, y por lo tanto, no fueron consideradas por el juez de la corte sentenciadora suficientes para autorizar un nuevo juicio.

Bajo las circunstancias de esta causa y en defecto de una copia de las pruebas introducidas en el juicio, las que fueron consideradas por la corte, nosotros no vemos que la discreción de la corte, al denegar el nuevo juicio no haya sido propiamente ejercitada. De todo lo que aparece de los autos la moción para nuevo juicio fué debidamente denegada.

2. El segundo punto alegado por el abogado defensor es que al procesado no le fué leída la acusación, y que

no le exigieron que declarase en contestación á la acusación si era ó no culpable, antes de celebrarse el juicio. Las causas citadas por el abogado defensor, ó sea las de El *Pueblo* contra *Gaines* 52 California, 479; *El Pueblo* contra *Corbett,* 28 Cal. 328; y *Crain* contra *United States,* 162 U. S. 625; todas sostienen la proposición, cuando se demuestre que el acusado no se le haya leído la acusación, pero en este hecho debe aparecer afirmativamente de los autos de la causa. En los autos de la presente causa no aparece ese hecho. El certificado del Secretario de la Corte de Distrito dice que en el referido caso entre otros documentos se encuentran los siguientes:....y nombra los documentos que fueron elevados á esta corte. De este certificados hemos de presumir que todos los documentos usados en el juicio no fueron incluídos en los autos presentados en esta corte. En otras palabras, el certificado no demuestra que los presentes autos son completos. No contiene los cuatro elementos necesarios para constituir los autos de un proceso mencionados en la sección 356 del Código de Enjuiciamiento Criminal. Es el deber del apelante, cuando acude á esta corte quejándose de una sentencia dictada contra él, presentar en este Tribunal todos los autos de la causa, ó á lo menos tanto de los mismos como sea necesario para la presentación de su causa. Estos autos, de acuerdo con la sección 356 deben ser preparados por el secretario, y trasmitidos al secretario de esta corte. Si el secretario no cumple con este deber, el fiscal ó el abogado del apelante puede presentar una moción á la corte para que se expida una providencia mandando que el secretario de la Corte de Distrito expida para esta corte una copia certificada de todos los autos que se interesan ó cualquiera parte de los mismos, ó puede presentarlos debidamente certificados, sin tal providencia. Esto no se hizo en este caso, y por lo tanto, los presentes autos no están comprendidos dentro del alcance de los ca-

sos citados. Cuando no aparece que los autos son comple-
tos esta corte debe presumir que el Tribunal sentenciador
cumplió con todos los requisitos de la ley.

3.—El tercer punto alegado por el abogado defensor
del acusado, es que la sentencia es vaga é indefinida, por-
que sólo dice que el acusado fué declarado culpable de un
delito contra la ley electoral. No es necesario que se con-
signe en la sentencia todos los hechos que contribuyen
para constituir el delito. Queda prescrito por la sección
319 del Código de Enjuiciamiento Criminal, que si no
se alega, ó no halla el Tribunal causa suficiente para que
no sea dictado la sentencia debe ésta pronunciarse sin de-
mora. Esta sección corresponde á la 1202 del Código Penal
de California. En California se ha resuelto, al interpre-
tar dicha sección, que una sentencia no es nula porque no
exprese el delito del cual la persona fué declarada culpable
siempre que aparezca de la misma que fué acusado de
algún delito, y que fué juzgado y declarado culpable, y
que la corte tenía jurisdicción para pronunciar la senten-
cia dictada por cualquier otro delito del cual pudiera ha-
ber sido convicto bajo la acusación. Gibson ex parte, 31
Cal. 620.

La sentencia en el presente caso, tomada en conside-
ración con la acusación, que también forma parte de los
autos, no permite dudar en cuanto al delito del cual fué
convicto el acusado, y es lícito hacer referencia de una á
la otra con el fin de aclarar lo que se considera oscuro.
Así es, que debemos resolver que esta objeción es también
ineficaz. En efecto, es necesario solamente hacer refe-
rencia á una ley aprobada por la Legislatura de Puerto
Rico en 30 de mayo de 1904, que se refiere á la revocación
de sentencias por esta corte en casos criminales, cuya ley
dispone:

"Siempre que resultare de los autos, en alguna causa criminal
apelada á la Corte Suprema, que cualquier requisito legal, haya

sido desatendido por el Tribunal sentenciador, no se anulará la sentencia, á menos que el error que de los autos resultare, tendiere á perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la debida excepción en el Tribunal sentenciador."

Los errores primero y tercero de que se queja ciertamente no pueden considerarse como habiendo perjudicado los derechos del acusado, por las razones anteriormente consignadas y la existencia del segundo error no consta suficientemente de los autos presentados en este Tribunal.

Tomando estas cuestiones en debida consideración debemos resolver, en defecto de error fundamental que aparezca en los autos, que la sentencia de la Corte de Distrito debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.