## EL PUEBLO v. MUÑOZ.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 82.   Resuelto en diciembre 12, 1905.

APELACIÓN.—ACUSACIÓN.—LECTURA DE LA MISMA.—Para que el acusado pueda solicitar la revocación de la sentencia bajo el fundamento de que la acusación no le fué leída oportunamente, y de que no se le exigió que la contestara antes de someterse á juicio, es necesario que tales fundamentos aparezcan *justificados* por la constancia de autos, y si la transcripción no estuviere completa, se presumirá que todos los procedimientos han tenido lugar con arreglo á ley.

ID.—DOCUMENTOS QUE CONSTITUYEN LOS AUTOS DE LA CAUSA.—La transcripción de autos para la apelación deberá contener una copia de todos los procedimientos á que se refiere el art. 326 del Código de Enjuiciamiento Criminal que son los que constituyen los autos de la causa.

ID.—CASOS EN QUE LA TRANSCRIPCIÓN DE AUTOS NO ESTUVIERE COMPLETA.—DEBE-

RES DE LA PARTE APELANTE.—Aunque el Secretario de la Corte de Distrito tiene la obligación de remitir al del Tribunal Supremo una transcripción de todos los autos, sin embargo, el apelante tiene. el deber de hacer que se presente la transcripción de autos perfecta y completa, y si no lo fuera, puede solicitar del Tribunal Supremo que se ordene al Secretario de la Corte inferior que se remita certificación del todo ó parte de los autos, según fuere el caso, ó el apelante puede presentarla sin necesidad de orden alguna.

ID.—SENTENCIA.—Una sentencia no es nula porque deje de expresar el delito imputado al acusado, siendo suficiente si, considerada en relación con la acusación, lo que es permitido, no deja duda alguna de que fué acusado, juzgado y convicto de un delito comprendido en la acusación y con respecto al cual la Corte tenía jurisdicción para dictar sentencia.

ID.—ERRORES QUE NO PERJUDIQUEN LOS DERECHOS SUBSTANCIALES DEL ACUSADO.—El Tribunal Supremo no prestará consideración alguna, en la resolución de una apelación, á aquellos errores de derechos cometidos por la Corte inferior, que no tiendan á perjudicar los derechos substanciales del acusado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente causa es un proceso seguido ante la Corte de Distrito de Arecibo por infracción de la Ley Electoral. Los procesados eran jueces de elecciones en el precinto número 15 del distrito electoral de Arecibo. Se presentó contra ellos una acusación el día tres de abril de 1905, alegando que retardaban la votación en dicho precinto por medios indicados en la misma y que impidieron que más de cien electores votaran en las elecciones que tuvieron lugar el día 8 de noviembre de 1904. De acuerdo con esta acusación los procesados fueron juzgados ante la Corte sin jurado, y fueron declarados culpables, y en 6 de mayo de 1905 fueron condenados á un año y seis meses de presidio, con trabajos forzados, y al pago de las costas del proceso, y de esta sentencia interpucieron recurso de apelación para ante esta corte.

No hay en los autos ni pliego de excepciones, ni exposición de hechos, y no hay manera ninguna de determinar cuáles eran las pruebas presentadas en el juicio,

El licenciado Cayetano Coll y Cuchí compareció en representación del acusado y pronunció un argumento en esta Corte, presentando dos puntos en los que funda su pretención de que se revoque la sentencia.

—El primer punto alegado por el abogado defensor en su informe oral es que á los procesados no les fué leída la acusación, y que no les exigieron que declarasen en contestacion á la acusación si eran ó no culpables antes de celebrarse el juicio. Las causas citadas por el abogado defensor, ó sea las de *El Pueblo* contra *Gaines,* 52 California, 479; *El Pueblo* contra *Corbertt,* 28 Cal. 328; y *Crain* contra *United States,* 162 U. S. 625; todas tienden á sostener esta proposición, en los casos en que se demuestre que al acusado no se le haya leído la acusación, pero este hecho debe aparecer afirmativamente de los autos en la causa. En los autos de la presente causa presentados por los acusados á esta corte no aparece ese hecho. El certificado del Secretario de la Corte de Distrito dice que en el referido caso, entre otros documentos se encuentran los siguientes: —copia el escrito de apelación, la acusación y la sentencia dictada contra cada uno de los acusados, los cuales documentos fueron debidamente elevados á esta Corte. De este certificado hemos de presumir que todos los documentos usados en el juicio no fueron incluídos en los autos presentados en esta corte. En otras palabras, el certificado no demuestra que los presentes autos son completos. No contiene en su totalidad los cuatro elementos necesarios para constituir los autos de un proceso mencionados en la sección 326 del Código de Enjuiciamiento Criminal. Se omite la copia del acta del juicio, en la que debería aparecer la lectura de la acusación á los acusados, si la misma tuvo lugar.

Es el deber del apelante, cuando acude á esta Corte quejándose de una sentencia dictada contra él, hacer que se presenten á este Tribunal todos los autos de la causa

ó á lo menos tanto de los mismos como sea necesario para
la presentación de su causa. Estos autos de acuerdo con
la sección 356 deben ser preparados por el secretario de
la Corte de Distrito y trasmitidos al secretario de esta
corte. Una copia de los mismos debe entregarse al aboga-
do de los acusados á fin de que pueda apreciar si es co-
rrecta y completa. Si el secretario no cumple con este de-
ber el fiscal ó el abogado del apelante puede presentar
una moción á la corte de acuerdo con la regla 62 para que
se expida una providencia mandando que el secretario
de la Corte de distrito expida para esta corte una copia
certificada de todos los autos que se interesen ó cualquiera
parte de los mismos, ó dicho abogado puede presentarlos
debidamente certificados sin tal providencia. Esto no se
hizo en este caso, y por lo tanto, los presentes autos no es-
tán comprendidos dentro del alcance de los casos citados
por el abogado de los apelantes. Cuando no aparece que
los autos son completos y presentan solamente una trans-
cripción parcial de los procedimientos del tribunal infe-
rior esta corte debe presumir que el tribunal sentencia-
dos cumplió con todos los requisitos de la ley. Se presume
que los procedimientos ante las cortes de justicia son co-
rrectos. *People* v. *Gilbert,* 60 Calf. 112; *People* v. *King,*
27 Cal. 514; *People* v. *Levison,* 16 Calf. 100.

2.—El segundo punto alegado por el abogado defensor
del acusado en su informe oral es que la sentencia es vaga
é indefinida, porque sólo dice que el acusado fué declara-
do culpable de un delito contra la Ley Electoral. No es
necesario que se consignen en la sentencia todos los he-
chos que contribuyan para constituir el delito. Queda
prescrito por la sección 319 del Código de Enjuiciamien-
to Criminal de Puerto Rico que si no se alega, ó no halla
el Tribunal causa suficiente para que no sea dictada la
sentencia, debe ésta pronunciarse sin demora. Esta sec-
ción corresponde á la 1202 del Código Penal de Califor-

nia. En California se ha resuelto, al interpretar dicha sección, que una sentencia no es nula porque no exprese el delito del cual la persona fué declarada culpable, siempre que aparezca de la misma que fué acusado de algún delito, y que fué juzgado y declarado culpable, y que la corte tenía jurisdicción para pronunciar la sentencia dictada por cualquier otro delito del cual pudiera haber sido convicto bajo la acusación. *Gibson ex parte,* 31 Cal. 620.

La sentencia en el presente caso, tomada en consideración con la acusación, que también forma parte de los autos, no permite dudar en cuanto al delito del cual fué convicto el acusado. La acusación le imputa un delito *felony* y se expresan los hechos del caso con toda claridad. Es lícito hacer referencia de la sentencia á la acusación con el fin de aclarar lo que se considere oscuro. Así es, que debemos resolver que esta objeción es también ineficaz. En efecto, de acuerdo con una ley aprobada por la Legislatura de Puerto Rico, en 30 de mayo de 1904, que se refiere á la revocación de sentencias por esta corte en casos criminales, esta objeción no podría sostenerse con éxito en una apelación.

Esa ley dispone:

"Siempre que resultare de los autos, en alguna causa criminal, apelada á la Corte Suprema, que cualquier requisito legal haya sido desatendido por el Tribunal sentenciador, no se anulará la sentencia, á menos que el error que de los autos resultare, tendiere á perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la debida excepción en el Tribunal sentenciador."

Ciertamente, no puede considerarse que este error haya perjudicado los derechos del acusado, por las razones anteriormente consignadas, y la existencia del segundo error no consta suficientemente de los autos presentados en este tribunal.

Tomando estas cuestiones en debida consideración, debemos resolver, en defecto de error fundamental que apa-

rezca en los autos que la sentencia de la Corte de Distrito debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.