## EL PUEBLO *v.* LORENZO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 480.—Resuelto en diciembre 9, 1912.

DERECHO PENAL—DESESTIMACIÓN DE LA APELACIÓN—TRANSCRIPCIÓN DE AUTOS—OMISIÓN DEL ESCRITO DE APELACIÓN—JURISDICCIÓN DEL TRIBUNAL SUPREMO.—
Para que la Corte Suprema tenga jurisdicción para resolver una apelación, es necesario que haya sido interpuesta en los casos en que la ley la permite y con los requisitos que exige para que se considere perfeccionada, por lo que es indispensable se incluya en la transcripción de autos certificación del escrito de apelación que se haya presentado, y esta omisión no queda corre-

gida aunque en la exposición del caso se diga que la misma se radica por virtud de una apelación, o que de cualquiera otra manera incidental se consigne en la transcripción de autos que existe una apelación.

ID.—PREPARACIÓN DE LA TRANSCRIPCIÓN DE AUTOS—DILIGENCIAS DEL APELANTE.—
Aunque de acuerdo con el artículo 356 del Código de Enjuiciamiento Criminal, enmendado en marzo 7, 1908, el secretario de la corte de distrito tiene el deber de preparar la transcripción de autos en causas criminales, de todos modos el apelante, interesado en el éxito de su recurso, debe ser diligente en que antes de que la apelación sea vista, la transcripción de autos contenga todos los documentos necesarios para que pueda ser válida y en que se subsane cualquier omisión o error que el secretario pueda haber cometido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En 11 de septiembre del presente año se radicó en la secretaría de esta Corte Suprema la certificación librada por el secretario de la Corte de Distrito de Humacao, conteniendo la transcripción de los procedimientos habidos en el caso 1385 seguido en aquella corte por *El Pueblo de Puerto Rico* v. *Antolino Lorenzo* por infracción de la Ley de Rentas Internas, de la que aparece que con fecha 5 de marzo último dicha corte dictó sentencia condenando al expresado Antolino Lorenzo.

El sentenciado no presentó ante esta Corte Suprema alegato de errores, y una vez que en 14 de octubre siguiente el Hon. Fiscal de este tribunal radicó su informe, se señaló el día 29 del mismo mes para la vista del caso, cuyo día fué luego transferido para el 8 de noviembre en el cual comparecieron el Hon. Fiscal de esta corte y un abogado en defensa de Antolino Lorenzo.

En el momento de comenzar la vista, y a petición del abogado, le permitimos que, para corregir el récord, formara parte de él una certificación que presentó, librada por el secretario de la Corte de Distrito de Humacao, de ciertos particulares de dicha causa, y cuando el Fiscal terminaba su argumentación, llamó la atención de esta corte al hecho

de que en la transcripción de los autos no existe escrito alguno de apelación, por lo que esta corte carecía de jurisdicción para resolver el caso. Después de esta manifestación el abogado del sentenciado solicitó tiempo para presentar una certificación conteniendo el escrito de apelación que presentó en la corte inferior.

Hemos examinado detenidamente los papeles que forman la transcripción de los autos enviada por el secretario de la Corte de Distrito de Humacao y la certificación presentada por el abogado de Antolino Lorenzo, sin encontrar escrito alguno en que conste que Antolino Lorenzo apeló del fallo dictado contra él.

Para que esta Corte Suprema tenga jurisdicción para resolver una apelación es necesario que haya sido interpuesta en los casos en que la ley la permite, y con los requisitos que exige para que se considere perfeccionada, por lo que en la transcripción de los autos que ha de tenerse presente para resolverla debe incluirse necesariamente certificación del escrito de apelación que se haya presentado, para poder venir en conocimiento, no sólo de que en realidad existe una apelación, sino también si ésta se interpuso dentro del tiempo concedido por la ley y si fué notificada a la parte contraria. Por esto es que el artículo 356 del Código de Enjuiciamiento Criminal, enmendado en 7 de marzo de 1908, al especificar los documentos que en caso de apelación debe remitir el secretario de la corte de distrito al de esta Corte Suprema menciona expresamente el escrito de apelación. (Véanse los casos citados en 12 Cyc., 879, y *López Landrón* v. *Rubert*, 14 D. P. R., 5.)

Es tan necesario el escrito de apelación que no puede prescindirse de él, aunque en la exposición del caso se diga que se radica por virtud de una apelación o que de cualquiera otra manera incidental se consigne que existe una apelación.

Es verdad que cuando se trata de apelaciones criminales la ley no impone al apelante la obligación de preparar la transcripción de los autos para la apelación y que es al secre-

tario de la corte de distrito a quien incumbe tal deber, pero, de todos modos, el apelante, interesado en el éxito de su recurso, debe ser diligente en que antes de que la apelación sea vista, contenga todos los documentos necesarios para que pueda ser fallada y en que se subsane cualquier omisión o error que el secretario pueda haber cometido, principio no desconocido por el abogado de Antolino Lorenzo, pues con la certificación que presentó en la vista y que le admitimos, corrigió otros defectos de la transcripción de los autos, mas no la falta del escrito de apelación.

No teniendo, pues, jurisdicción para resolver este caso, debe ser desestimado.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y del Toro.

El Juez Asociado Señor Wolf expresó estar conforme con la resolución.