El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Ojeda, acusado y apelante.

No. 4367.—*Sometido:* Enero 12, 1931.—*Resuelto:* Enero 16, 1931.

A. *Fiol Negrón,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Dictada sentencia en este caso el 15 de junio de 1930, por la Corte de Distrito de Ponce, condenando al acusado a pagar veinticinco dólares de multa, el acusado apeló para ante este Tribunal Supremo el 15 de agosto siguiente y nada más gestionó.

Basándose en ello, El Pueblo de Puerto Rico, por su fiscal, presentó una moción solicitando la desestimación del recurso, cuya vista fué señalada para el 12 de enero actual.

A la vista no compareció el acusado pero envió una moción oponiéndose. Acepta en ella los hechos ocurridos tales como los expone El Pueblo, pero sostiene que de acuerdo con la Ley número 4 de abril 18 de 1925, no le incumbe solicitar la remisión del récord de la apelación, siendo dicha

remisión un deber ministerial del secretario de la corte de distrito. Invoca en su favor los casos de *El Pueblo* v. *Lorenzo,* 18 D.P.R. 978, *El Pueblo* v. *Agrait,* 9 D.P.R. 457, y *El Pueblo* v. *Muñoz,* 9 D.P.R. 526, y dice que su apelación no se funda en la prueba, sino en la insuficiencia de la denuncia. Termina suplicando que se declare sin lugar la moción de desestimación y que esta corte ordene al secretario de la de distrito de Ponce que certifique y remita la transcripción de los autos.

Este es un caso nuevo dentro de las desestimaciones que viene solicitando el Pueblo, bien por falta de notificación del escrito interponiendo el recurso, ya por no haberse archivado en tiempo los autos o el alegato. Envuelve la interpretación de la dicha Ley número 4 de abril 18 de 1925, en relación con los deberes de los apelantes en la tramitación de los recursos por ellos interpuestos.

Por la Ley No. 4 se enmienda el artículo 356 del Código Penal de modo tal que prescribe el procedimiento completo para la tramitación de las apelaciones, bien a virtud de pliegos de excepciones, exposiciones de la causa o transcripción de la evidencia, ya cuando no forman parte del legajo de la sentencia, ninguno de dichos documentos. Su último párrafo es así:

"Constituirá el récord de una apelación en causa criminal, el legajo de la sentencia, del cual se habrá hecho formar parte, el pliego de excepciones, la exposición de la causa o la transcripción de la evidencia, según sea el caso, certificado por el secretario de la corte de distrito quien deberá remitirlo al Secretario de la Corte Suprema, dentro de los treinta días siguientes de haberse aprobado el pliego de excepciones, la exposición de la causa o la transcripción de la evidencia, si lo hubiere, o dentro de treinta días de haberse registrado en la causa el escrito de apelación. Al recibirse dicho récord será el deber del Secretario de la Corte Suprema, dar entrada a la causa en el libro correspondiente de dicha corte."

En este caso concreto no existe pliego de excepciones, exposición del caso, o transcripción de evidencia. La parte

apelante dice que sólo basa el recurso en la deficiencia de la acusación. Siendo ello así, estamos enteramente conformes con el apelante en que no tenía para qué gestionar la preparación de pliego alguno de excepciones, exposición de la causa o transcripción de la evidencia, y en que una vez interpuesta la apelación y transcurrido el plazo de diez días fijado por la ley sin que el apelante hiciera gestión alguna en relación con la preparación de los indicados documentos, surgió en el secretario de la corte sentenciadora el claro deber de remitir al secretario de esta Corte Suprema el legajo de la sentencia, dentro del término legal de treinta días, contado a partir del en que se registrara el escrito de apelación. En lo que no podemos estar conformes con el apelante es en que nada tenía que gestionar en relación con la remisión de los autos.

El recurso fué por él interpuesto para su propio beneficio. A virtud de su interposición quedó suspendida la ejecución de la sentencia. El legislador le dió oportunidad de que su causa fuera oída en apelación, sujeto el recurso a las formalidades por el mismo legislador establecidas. Impuso el deber de remitir el récord al secretario y al apelante incumbe gestionar que por el secretario se cumpla tal deber. De otro modo la negligencia del secretario se convierte en su propia negligencia y le perjudica. Ese es el criterio que ha sostenido esta Corte en casos similares, interpretando la ley referente a la tramitación de apelaciones en pleitos civiles, criterio que es perfectamente aplicable a causas criminales. Véase 1 Digesto de Puerto Rico, 289.

Examinados los casos de *El Pueblo* v. *Lorenzo,* 18 D.P.R. 978, *El Pueblo* v. *Agrait,* 9 D.P.R. 457, y *El Pueblo* v. *Muñoz,* 9 D.P.R. 526, invocados por el apelante, encontramos que la jurisprudencia en ellos establecida en modo alguno le favorece. Al contrario, sostiene que no obstante ser el secretario el que de acuerdo con el artículo 356 del Código de Enjuiciamiento Criminal tiene la obligación de remitir al

Tribunal Supremo la transcripción de los autos, al apelante incumbe el deber de hacer que se presente dicha transcripción perfecta y completa, pudiendo, si no se presentare de tal modo, solicitar su corrección de acuerdo con las reglas de este Tribunal.

Por virtud de todo lo expuesto, habiendo vencido el término para el archivo del legajo de la sentencia en la Secretaría de esta Corte Suprema desde el 15 de septiembre de 1930, sin que el récord se haya radicado .aún, ni el apelante haya hecho gestión alguna para que se radique, *debe declararse con lugar la moción de El Pueblo y en su consecuencia desestimarse, por abandono, el recurso.*