ANTONIO FERNÁNDEZ MÉNDEZ, demandante y apelado, *v.* HIGINIO PASTORIZA y MARÍA CRUZ, demandados y apelantes.

No. 5689.—*Resuelto:* Noviembre 23, 1932.

*C. Benítez,* abogado de los apelantes; *Bolívar Pagán,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Hemos dictado sentencia en este pleito confirmando la condenatoria de pago de la corte inferior por no ser sostenibles los dos primeros motivos de la apelación y porque no podíamos resolver los diez restantes por estar fundados en la prueba practicada en el juicio que no teníamos ante nosotros (43 D.P.R. 896). Algún tiempo después de nuestra sentencia fué recibida en la secretaría de esta corte la transcripción taquigráfica de la evidencia que la corte inferior aprobó para esta apelación y entonces el apelante nos pre-

sentó moción para que reconsideremos nuestra sentencia sin alegación alguna de que sea errónea sino porque no habiendo cumplido el secretario de la corte inferior con el deber que tenía de enviarnos la transcripción aprobada de la evidencia con la de los autos y habiéndolo hecho ahora debemos resolver los motivos de la apelación que dejamos de decidir.

Dispone el artículo 233 del Código de Enjuiciamiento Civil que inmediatamente después de registrada una sentencia en la corte de distrito el secretario deberá unir y archivar las actuaciones que en él se especifican y que constituirán el legajo de la sentencia: según la Ley No. 27 de 1917 el apelante puede optar por una transcripción taquigráfica de la evidencia hecha por el taquígrafo para traer ante nosotros las declaraciones ofrecidas y tomadas, las pruebas ofrecidas y practicadas, y todas las resoluciones, actos o manifestaciones de la corte, así como todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen; y de acuerdo con el artículo 299 del mismo Código como fué enmendado por la Ley No. 81 de noviembre de 1919, aprobada por la corte una transcripción taquigráfica de la evidencia pasará a formar parte del legajo de la sentencia, diciendo entonces el párrafo sexto lo siguiente: ''Constituirá el récord de una apelación la certificación que libran el secretario del tribunal *a quo,* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente. Será deber del apelante entregar al secretario dicha certificación autorizada por los abogados de las partes, o solicitar la misma de aquél, y dicho funcionario elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación. . . . .''

De acuerdo con ese precepto el secretario debió enviarnos

el récord completo y no lo hizo así, pues dejó de remitirnos la transcripción taquigráfica de la evidencia aprobada por la corte.

Es cierto que el secretario tenía el deber de remitir la transcripción taquigráfica de la evidencia aprobada por la corte con la transcripción de los autos, pero también lo es que el apelante incumbe gestionar que él cumpla con tal deber. Así lo hemos resuelto en el caso de *El Pueblo* v. *Ojeda,* 41 D.P.R. 705, aplicable al presente.

*Por lo expuesto no ha lugar a reconsiderar nuestra sentencia en este pleito.*