EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* INOCENCIO RUIZ GUZMÁN, acusado y apelante.

Núm. 8544.—*Sometido:* Enero 20, 1941. *Resuelto:* Enero 22, 1941.

*Carlos D. Vázquez,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Dictada sentencia por la corte de distrito en 23 de febrero de 1940 contra el acusado Inocencio Ruiz Guzmán, en la causa que se le seguía por infracción de una orden final de la Comisión de Servicio Público, el acusado apeló el propio día para ante esta Corte Suprema. Obtuvo su libertad provisional mediante fianza y nada más hizo.

En ello basándose, el fiscal de esta corte pidió la desestimación del recurso, invocando el caso del *Pueblo* v. *Ojeda,* 41 D.P.R. 705, en el que esta corte resolvió, tomando del resumen, lo que sigue:

"Si bien en apelaciones en causas criminales el secretario del tribunal sentenciador tiene el deber de remitir el récord de apelación a la Corte Suprema, al apelante incumbe gestionar el cumplimiento de tal deber; de otro modo la negligencia del secretario se convierte

en su propia negligencia y, de no radicarse en el Supremo el récord dentro del término estatutario, procede desestimar el recurso interpuesto.''

La moción de desestimación se notificó al apelante en noviembre 18, 1940, y no fué hasta el siete de enero en curso que se radicó en la secretaría de esta corte el legajo de la sentencia que también contiene copia de cierta moción presentada por el acusado a la corte sentenciadora en solicitud de un nuevo término para presentar la transcripción de la evidencia, moción que fué declarada sin lugar.

El veinte de enero en curso se oyó a las partes sobre la desestimación. Sostuvo el fiscal su petición y el apelante se opuso alegando que la dilación en la tramitación se debió a que entregó su caso al abogado Juan Lastra y confió por completo en él, siendo sorprendido al notificársele la moción de desestimación, encomendando entonces su defensa al abogado que ahora lo representa, quien hizo inmediatamente gestiones para preparar el récord.

■■ Repetidamente se ha resuelto que la parte sufre las consecuencias de la negligencia de su abogado. En tal virtud debemos concluir que se dejaron transcurrir con exceso, sin justificación, todos los términos que la ley y las reglas fijan para el perfeccionamiento de las apelaciones. Véase *Pueblo* v. *Rodríguez Bravo*, resuelto en el día de hoy (pág. 895 que sigue.)

■ La circunstancia del archivo del legajo de la sentencia no constituye una contestación eficaz, porque lo fué no a la fecha en que la notificación de la moción se hizo al acusado apelante, si que más de un mes después. Regla 58 del Reglamento de este tribunal, 17 D.P.R. LXXIII.

■ Y no tenemos, por último, base sólida para ejercitar nuestra discreción en pro del dicho acusado apelante, porque no nos ha demostrado que su apelación sea meritoria.

*Bajo esas circunstancias, procede declarar con lugar la moción del fiscal y en su consecuencia desestimar, por abandono, el recurso.*