EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX QUIÑONES ABREU c/p AGUSTÍN RODRÍGUEZ ABREU, acusado y apelante.

*Número:* CR-74-68      *Resuelto:* 31 de marzo de 1975

*Heyda Vigil McClin*, abogada del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La prueba ante el tribunal de derecho estableció que mientras la joven empleada del negocio Los Parados se hallaba de espaldas acomodando unos paquetes de arroz su patrono el comerciante se le acercó, la tomó por los hombros, trató de besarla y la tiró sobre unas cajas y se abrió la brageta diciéndole que tenía que ser de él, pero ella con superior fortaleza física logró rechazarlo una y otra vez hasta que pudo salir corriendo a la avenida. Al llegar llorosa a su hogar le

dijo a su hermana "que el señor donde ella había empezado a trabajar había tratado de abusar de ella." (T.E. pág. 28.)

El acusado fue convicto de tentativa de violación y sentenciado a la pena de 1 a 3 años de presidio, suspendida en sus efectos bajo régimen probatorio.

En apelación señala como único error la insuficiencia de la prueba de corroboración para entonces exigida por la Regla 154 de Procedimiento Criminal. (¹) Descansa el apelante en el argumento de que la corroboración debió cubrir los dos elementos del delito: intento de realizar el acto sexual y uso de fuerza o violencia. Acepta que el primero fue cubierto, pero no el segundo, porque al decir la ofendida a su hermana "trató de abusar de mí" ésta *entendió* la frase como significando que trató de "hacerle el daño" concepto este último que no implica fuerza o violencia. A los fines de corroboración lo que importa es el relato hecho por la ofendida a su hermana, refiriéndose al acto del acusado como "abuso", voz popular que tiene connotación de atropello, violencia en mayor o menor grado e imposición del fuerte sobre el débil. Ninguna importancia tiene que la hermana no supiera o no pudiera explicar con precisión de académico el contenido del concepto. Basta para corroborar que reproduzca la expresión que oyó a la perjudicada pues ésta sí sabía del ataque libidinoso sólo frustrado por su resistencia, que correctamente calificó en la frase "trató de abusar de mí."

No podrá erigirse una defensa sobre una zapata de retórica y semántica.

*La sentencia dictada el 21 de septiembre de 1971 por la Sala de San Juan, será confirmada.*

---

(¹) Requisito abandonado, aunque no de un todo, en la enmienda introducida por Ley Núm. 209 de 23 de julio de 1974.