EL PUEBLO DE PUERTO RICO, apelado y peticionario, *v.* RAFAEL VEGA SANTIAGO, apelante y recurrido.

*Número:* O-78-239          *Resuelto:* 5 de octubre de 1978

*Héctor A. Colón Cruz, Procurador General,* y *Rosemary Corchado Lorent, Procuradora General Auxiliar,* abogados del peticionario; *Sergio A. Peña Clós* y *José Rafael Firpi,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El acusado y ahora recurrido fue juzgado por tribunal de derecho en causa de violación y sentenciado a la pena de 6 a 12 años de presidio. La División de Apelaciones del Tribunal Superior por votación de dos de sus tres jueces revocó la sentencia y absolvió al apelante por considerar insuficiente la prueba de corroboración.(1) De esta decisión recurrió ante nos en *certiorari* El Pueblo de Puerto Rico y el 12 de julio de 1978 a tenor de la facultad revisora provista en 4 L.P.R.A. sec. 37(e) dictamos la siguiente orden:

"El apelante recurrido tendrá un término hasta el 4 de agosto de 1978 para comparecer a mostrar causa por la que no deba revocarse la sentencia dictada el 23 de mayo de 1978 por la División de Apelaciones y en su lugar restablecer la de culpabilidad dictada por la Sala de Guayama del Tribunal Superior."

Ha comparecido el acusado en argumentado escrito sosteniendo el criterio de la División de Apelaciones, por lo que procede resolver la contienda jurídica. De la solicitud de *certiorari* del Sr. Procurador General tomamos la relación de hechos cuya fidelidad acepta el recurrido:

---

(1) Los hechos tuvieron lugar el 15 de marzo de 1972, antes de la enmienda de la Regla 154 de Procedimiento Criminal por Ley Núm. 209 de 23 julio, 1974, Leyes de ese año, Parte 2, pág. 124.

"Los hechos que dan margen al proceso contra el acusado ocurren el día 15 de marzo de 1972. Declaró la perjudicada que ese día y en horas de la tarde se encontraba en la salida del pueblo de Salinas hacia Guayama esperando un vehículo público. Mientras esperaba se le acercó un auto con dos personas desconocidas, una de ellas el acusado, quienes le ofrecieron llevarla a su destino. Al principio rehusó, pero finalmente acepta y ocupa el asiento trasero del vehículo. Se dirigen hacia Guayama pero al llegar a cierto lugar en la carretera se desvían. La perjudicada protestó y trató de salir del auto.

Continuó declarando que llegaron a un sitio aislado y que ambos sostuvieron relaciones sexuales con ella no obstante la fuerte resistencia que opuso a sus agresores. Fue abandonada en el sitio de los hechos y después de un momento salió de dicho lugar. Se encontró con una persona a quien le relató lo que le había ocurrido.

Esta persona con quien la perjudicada habló al salir del cañaveral es Bienvenido Burgos Carreras, cuyo testimonio fue ofrecido como prueba de corroboración. Manifestó el testigo que era guardavía y que el día de los hechos se encontraba ejerciendo sus funciones cuando se le acercó la perjudicada. Describe el estado en que ésta se encontraba, (golpes en la nariz, arañazos y el cuerpo lleno de paja y matojos). La perjudicada le manifestó que dos personas la habían llevado hasta ese lugar y habían 'abusado de ella' y le preguntó si había visto pasar un auto verde a lo que le contestó que lo había visto y que el mismo iba a gran velocidad.

El testigo le ofreció agua a la perjudicada y ella procedió a lavarse. Poco después llegó un sargento de la Policía a quien le relató lo ocurrido."

Ya quedó atrás la época del esmero formulista que se ejercitaba progresivamente, añadiendo elementos de prueba al requisito de corroboración que nunca fueron parte del texto de la ley, inarmónica desviación de la norma básica al efecto de que la prueba del Estado será suficiente si derrota la presunción de inocencia y excluye toda duda razonable de culpabilidad. (²)

---

(²) Regla 110 de Procedimiento Criminal.—En todo proceso criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá.

La prueba de corroboración relacionó al acusado con la comisión del delito([3]) al señalarlo como una de dos personas que viajaban en un automóvil verde y que habían "abusado de ella." El énfasis del apelante en que el juez sentenciador erró al aceptar el entendimiento por el testigo guardavía de lo que es "abuso" es faena retórica, porque el vocablo tiene en nuestro medio, desde tiempo inmemorial, connotación y sentido de imposición del hombre sobre la mujer para gozarla sin su consentimiento. *Pueblo* v. *Quiñones Abreu,* 103 D.P.R. 626 (1975).

Aun bajo la anacrónica norma de prueba bajo la que se juzgó al acusado, fue suficiente el testimonio de corroboración para sostener la convicción.

*La sentencia de la Sección Apelativa será revocada.*

El Juez Presidente Señor Trías Monge concurre en el resultado. El Juez Asociado Señor Irizarry Yunqué emitió opinión concurrente.

—O—

Opinión concurrente del Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 5 de octubre de 1978

No estoy de acuerdo en que la prueba de corroboración relacionó al acusado en este caso con la comisión del delito. El testimonio de Bienvenido Burgos Carreras, única prueba presentada por el Estado para corroborar el testimonio de la víctima, se limita a establecer la condición en que ésta se encontraba al salir del cañaveral y a señalar que, según ella le manifestó, dos personas que iban en un auto verde abusaron de ella. Lejos de corroborar la identificación de los violadores, el testigo expresó que no pudo identificar a los que iban en el carro. A la pregunta, héchale por el fiscal, de si además del

---

([3]) Exigencia del anterior texto de la Regla 154. Su requisito de relacionar al acusado con la comisión del delito nunca se extendió para incluir la *identificación* del acusado por el testigo de corroboración.

color del carro pudo percatarse de alguna otra cosa, dijo el testigo: "No, los carros pasaban tan ligero que yo no puedo identificar los que iban dentro ni la tablilla porque no lo ví." (T.E. pág. 76.) Dijo además (T.E. pág. 81) que ni conocía a la perjudicada "ni sabe quiénes eran los muchachos tampoco."

Bajo el estado de Derecho vigente para el 15 de marzo de 1972, fecha en que ocurrió la alegada violación, la convicción del acusado no podía sostenerse sin prueba que por sí misma, y sin tomar en consideración la declaración de la mujer agraviada, tendiera a establecer la relación del acusado con la comisión del delito. (1) El récord y la transcripción de los testimonios ofrecidos durante el juicio están huérfanos de dicha prueba.

Convengo, sin embargo, que debe revocarse la sentencia de la División de Apelaciones y restituirse el fallo condenatorio y la sentencia impuesta al acusado. Si bien la prueba no estableció la necesaria corroboración, fue admitido expresamente por el abogado del acusado que éste estaba presente y participó en la comisión de los actos que la perjudicada le imputaba. Su teoría fue que no la violó, para lo cual descansó en la propia prueba de cargo. Así aparece en la pág. 103 de la transcripción, mientras se argumentaba sobre la teoría de defensa. Una admisión como esa obliga al acusado y hace innecesario considerar la falta de corroboración. Véanse:

---

(1) Disponía la Regla 154 de Procedimiento Criminal:

"En un proceso por el delito de promover o intentar la promoción de un aborto o por contribuir o ayudar en su perpetración, por seducir con engaño o corromper por medio del halago o por inducir o engañar a una mujer soltera, menor de veintiún años, hasta entonces reputada por casta, a entrar en alguna casa de lenocinio o en cualquier otra parte con el objeto de prostituirla o contribuir y ayudar a ese fin o de que tenga contacto carnal ilícito con cualquier hombre, o en un proceso por el delito de seducción bajo promesa de matrimonio o por el delito de violación o tentativa de cometerlo, no podrá declararse convicto al acusado por la sola declaración de la mujer agraviada, a menos que tal declaración se corrobore con alguna otra prueba que por sí misma, y sin tomar en consideración la declaración de la mujer agraviada, tienda a establecer la relación del acusado con la comisión del delito. Esta corroboración no será suficiente si sólo probare la perpetración del delito o las circunstancias del mismo."

690

*Pueblo* v. *Santiago,* 78 D.P.R. 69 (1955); *Pueblo* v. *Vargas,* 74 D.P.R. 144 (1952); *Pueblo* v. *Rodríguez,* 57 D.P.R. 895 (1941); *Pueblo* v. *Ruiz,* 57 D.P.R. 892 (1941); *Ex Parte Morales,* 30 D.P.R. 907 (1922).