RAMÓN AYALA, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado.

FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO DE PUERTO RICO, en representación y para beneficio del obrero ASUNCIÓN SEARY, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado.

Núms. 9 y 10. *Sometidos:* Febrero 1, 1950. *Resueltos:* Abril 21, 1950.

*Ramón Cancio* y *Augusto Palmer,* abogados del Departamento del Trabajo y a su vez de los peticionarios; *Vicente Hita, Jr.,* abogado del querellado en los pleitos principales.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El Comisionado del Trabajo de Puerto Rico, en representación y para beneficio del obrero Asunción Seary, instó querella en reclamación de salarios contra Félix A. de León, bajo los términos del Decreto Mandatorio núm. 11 de la Junta de Salario Mínimo, en vigor desde el primero de julio de 1946, el cual fija el salario mínimo, períodos máximos de labor y condiciones de trabajo para los empleados de la industria de la construcción. Se alegó en la querella que el referido obrero trabajó como celador en una obra en construcción en Río Grande, para su patrono de León, ocho horas diarias siete días a la semana—56 horas en total—por un período de quince semanas—desde el 3 de enero al 21 de abril de 1947—recibiendo un jornal de $16 semanales.

Similar reclamación y bajo el mismo Decreto Mandatorio núm. 11, estableció en su propio nombre el obrero Ramón Ayala([1])—también celador en la referida obra—alegando haber trabajado para el mismo patrono ocho horas diarias siete días a la semana por un período de 28 semanas—desde el 2 de enero hasta el 20 de julio de 1947—recibiendo también un jornal de $16 semanales.

Ambos casos se vieron conjuntamente en el tribunal inferior. Tanto en uno como en otro la prueba del patrono fué

---

([1]) Los abogados del Departamento del Trabajo a cargo de Reclamación de Salarios han representado a este obrero desde la radicación de la querella.

al efecto de que el obrero no trabajó horas extras en época alguna. En su contestación a la querella en cada caso adoptó igual posición, incluyendo como "Contestación Afirmativa" la de que las horas trabajadas fueron exclusivamente las horas laborables establecidas por ley. En la vista ante el tribunal inferior el abogado del patrono agregó que los obreros trabajaban 44 horas a 32 centavos, y que el exceso en el salario hasta $16 era "una bonificación . . . como una cosa especial, una concesión especial . . ."

Luego de considerar la prueba pasada, ambas querellas fueron declaradas con lugar. En el caso del obrero Seary, el tribunal inferior hizo el cómputo de la compensación a pagarse por el patrono, en la siguiente forma:

"Por 56 horas de trabajo a la semana el
    obrero debía percibir 44 horas a 32

| | | |
|---|---:|---:|
| centavos igual a | $14. 08 | |
| 12 horas a 64 centavos igual a | 7. 68 | |
| Total a la semana | $21. 76 | |
| Recibiendo únicamente | 16. 00 | |
| Diferencia por semana | $5. 76 | |
| 15 semanas a $5.76 por semana | | $86. 40 |
| Igual suma por la penalidad | | 86. 40 |
| Total a recibir | | $172. 80" |

Igual fórmula siguió en el caso del obrero Ayala, y siendo mayor el número de semanas trabajadas—28—le concedió la suma de $103.68 por horas extras, e igual suma por compensación adicional, o sea un total de $207.36.

A solicitud del Comisionado del Trabajo y del obrero Ayala expedimos autos de *certiorari* por la importancia de la cuestión envuelta en la administración de la ley. Ambos peticionarios sostienen que el jornal de $16 semanales debe considerarse como compensación por las 44 horas de jornada máxima, y la compensación por horas extras computarse a base del tipo de salario resultante de dichos factores, que era

el que devengaban los obreros y no a base del tipo mínimo de salario de 32 centavos. Creemos que tienen razón. Veamos.

El Decreto Mandatorio núm. 11 ya mencionado dispone para el trabajador no diestro, grupo F, un salario mínimo de 32 centavos la hora, una jornada máxima diaria de 8 horas y una jornada máxima semanal de 44 horas, debiendo compensarse cualquier exceso de trabajo extra a razón de no menos del doble del tipo de salario *que estuviere percibiendo el obrero.*

¿Cuál era el tipo de salario por hora que estaba percibiendo cada uno de los obreros? El contrato de trabajo no fué a base de una cantidad determinada *por hora.* Tampoco fué a base de que la cantidad de $16 semanales incluiría paga por tiempo extra. El tribunal inferior resolvió que los obreros trabajaban 8 horas diarias 7 días a la semana—56 horas semanales. Es obvio que el salario de $16 semanales no era suficiente para pagar por las 56 horas de trabajo a la semana, aun tomando como base el salario mínimo de 32 centavos la hora. De hecho, el querellado negó que se trabajara hora extra alguna, y sostuvo que el salario de $16 semanales se pagaba por 44 horas semanales a razón de 32 centavos—un total de $14.08—siendo el resto hasta $16 una "bonificación" o "concesión especial". El querellado nunca sostuvo que en los $16 semanales estaba incluída cantidad alguna por tiempo extra.

Cuando en el contrato de trabajo, como en estos casos, no se ha convenido la cantidad a pagarse por hora, ni se ha convenido tampoco que el salario semanal incluya compensación alguna por horas en exceso de la jornada máxima semanal, y se paga al obrero un salario a la semana que de aplicarse al número de horas efectivamente trabajadas—incluyendo horas extras—daría un tipo de salario por hora más bajo que el establecido por ley, debe determinarse el tipo de salario que el obrero percibía por hora, a los fines de calcular su compensación por horas extras, tomando como base el salario semanal aplicado a la jornada máxima de labor a la

semana. *Cf. Cardona* v. *Corte* 62 D.P.R. 61, 95 *et seq.;*
*Warren–Bradshaw Co.* v. *Hall,* 317 U.S. 88, 87 L. ed. 83;
*Overnight Motor Co.* v. *Missel,* 316 U.S. 572, 86 L. ed. 1682.

En consecuencia, resolvemos que el tipo de salario por
hora que en estos casos percibían los obreros, determinado a
base de la jornada máxima de 44 horas y el salario semanal
de $16, era de .3636 centavos. Por lo tanto la compensación
por 12 horas extras semanales por 15 semanas en el caso del
obrero Seary, al tipo doble de .7272 centavos la hora, es de
$130.90, más una suma igual por vía de penalidad, haciendo
un total de $261.80. En el caso del obrero Ayala la compen-
sación por 12 horas extras semanales por 28 semanas, al tipo
doble de .7272 centavos la hora, es de $244.34 más una suma
igual por vía de penalidad, haciendo un total de $488.68.

*Las sentencias en ambos casos serán modificadas conce-
diendo a cada uno de los obreros compensación por horas en
exceso de la jornada máxima de trabajo de conformidad con
esta opinión, y así modificadas, serán confirmadas.*