MARCELINO MICHEO GARCÍA, demandante, apelado y apelante, *v.* ANTONIO VALLÉS MONTEQUÍN, demandado, apelante y apelado.

Número 11018.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 16 de febrero de 1954.

*César Vélez González,* abogado del apelante y apelado; *Gilberto R. Padró Díaz,* abogado del apelado y apelante.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Marcelino Micheo García interpuso demanda en cobro de salarios contra Antonio Vallés Montequín, ante la Sección de Arecibo del anterior Tribunal de Distrito de Puerto Rico. Alegó que el demandado contrató sus servicios como operador de una pala mecánica por el convenido precio de $66 por cada 44 horas semanales de trabajo, o sea, a razón de $1.50 por hora, comprometiéndose además a pagarle a la terminación de su trabajo para con el demandado, las horas que en exceso de las 44 horas semanales hubiese trabajado, a razón de $3 la hora. Alegó además que trabajó para el demandado durante el período comprendido entre septiembre de 1949 y junio 28 de 1950, un total de 392 horas extras que dicho demandado se ha negado a pagarle, a pesar de que tiene derecho a ello de acuerdo con lo convenido y con el artículo 3 del Decreto Mandatorio núm. 11 de la Junta de Salario Mínimo.

Negó el demandado todos los hechos de la demanda y como defensa afirmativa alegó que contrató al demandante para trabajar a razón de $65 semanales desde la semana que comenzó el 14 de septiembre de 1949 hasta la que comenzó el 5 de octubre del mismo año, y a razón de $66 semanales desde

el 12 de octubre de 1949 hasta la semana que comenzó el 21 de junio de 1950 y que todos los servicios prestados por el demandante al demandado fueron satisfechos en su totalidad.

Se celebró un juicio en los méritos y el tribunal a quo dictó sentencia declarando parcialmente con lugar la demanda, después de formular las siguientes conclusiones de hecho:

"1. Marcelino Micheo García y Antonio Vallés Montequín celebraron un contrato verbal mediante el cual el primero se obligó a trabajar como operador de una pala mecánica, en el proyecto de construcción de carreteras del segundo en Arecibo, por un sueldo de $65 semanales. Las partes no estipularon el número de horas que constituirían una semana de trabajo, de acuerdo con los términos del contrato.

"2. A virtud del contrato antes mencionado el demandante trabajó para el demandado en la capacidad convenida desde principios de septiembre de 1949 hasta el día 28 de junio de 1950, o sea por un total de 43 semanas.

"3. El demandante recibió la justa y razonable compensación a la cual tenía derecho durante las semanas de trabajo cuyos pagos fueron liquidados en las fechas que se relacionan a continuación: 7, 14, 21 y 28 de septiembre, 5 de octubre de 1949 y 11 de enero, 8 y 15 de febrero, y 12 de abril de 1950.

"4. Fué la intención de las partes al tiempo de entrar en el contrato antes mencionado que el número de horas regulares a trabajarse por el demandante semanalmente sería el permitido por las leyes que rigen la materia, y en consecuencia la semana de trabajo la constituyen 48 horas. El tipo regular de salario por hora a virtud del contrato entre las partes es de $1.35 y el extra de $2.70.

"5. La relación que se hace formar parte de estas conclusiones y que se marca 'Exhibit A' constituye a juicio del tribunal una fiel expresión de la fecha de liquidación de pagos, el número de horas regulares y extras trabajadas, la paga recibida por dichos conceptos y las diferencias adeudadas por el demandado al demandante.

"6. El demandante recibió una compensación distinta e inferior a la estipulada por las partes a virtud del contrato y el demandado le debe la suma de $586.90 al demandante por concepto

de la diferencia existente entre las cantidades pagadas por horas regulares y extras trabajadas y la cantidad que venía obligado a pagar de acuerdo con los términos del contrato."

Ambas partes han apelado. Sostiene el demandado que el tribunal sentenciador cometió error (1) al resolver que las partes no estipularon el número de horas que constituiría una semana de trabajo; (2) al resolver que fué la intención de las partes contratantes que el número de horas [que constituiría la jornada máxima de trabajo] sería el permitido por las leyes que rigen la materia, fijándola en 48 horas; (3) al hacer los cálculos matemáticos del trabajo realizado por el demandante; (4) al aceptar en evidencia los sobres presentados por el demandante y en donde aparecen anotaciones de las supuestas horas extras; (5) al resolver que la compensación recibida por el demandante es inferior a la estipulada; y (6) que la prueba es insuficiente para sostener la sentencia apelada.

█ En la discusión de los primeros dos errores el demandado-apelante se queja de que la corte a quo no descansó en la prueba practicada para concluir que fué la intención de las partes que el número de horas a trabajarse por el demandante semanalmente sería el permitido por las leyes que rigen la materia, y a este efecto se expresa así en su alegato: "Según hemos probado en la discusión del anterior error señalado la intención de las partes es clara en el sentido que las horas de trabajo serían 44 horas regulares y por ello el demandante apelado recibiría $65 con toda seguridad, es decir, entendemos que fué error del tribunal el determinar que la semana sería de 48 horas, por cuanto la intención expresa de los contratantes, según aparece de citas específicas hechas del Récord Taquigráfico, fué que la misma sería de 44 horas." Aunque la posición que asume el demandado apelante, lejos de favorecerle, le perjudica, según veremos más adelante, tal no es la situación de hecho. La prueba en cuanto al contrato de trabajo fué contradictoria. Mientras el demandante sostuvo

que la jornada máxima de trabajo convenida fué de 44 horas a la semana, a base de un sueldo semanal de $65, el demandado por el contrario sostuvo que no se estipuló el número de horas que constituiría la jornada máxima de trabajo a la semana. Ante tal conflicto la corte a quo resolvió, al dirimirlo, que no hubo convenio respecto a ese extremo y en su consecuencia fijó dicha jornada de trabajo en 48 horas a la semana a base de lo dispuesto en la Ley núm. 379, aprobada en 15 de mayo de 1948, Leyes de Puerto Rico, pág. 1255. Sin embargo, cometió error la corte sentenciadora, al fijar la jornada máxima de trabajo en 48 horas a la semana, en ausencia de convenio expreso entre las partes, según sostuvo en sus conclusiones de hecho. Mas adelante consignaremos los fundamentos de esta aseveración.

■■ Los demás errores señalados, a excepción del número 4, van dirigidos contra la apreciación de la prueba y en realidad carecen de mérito. Por el cuarto error se ataca la admisión en evidencia de los sobres donde el demandante recibía el importe de su salario semanal y en los cuales anotaba las horas extras trabajadas. El error, de haber sido cometido, no fué perjudicial. Mientras prestaba declaración, el demandante manifestó que llevaba récord de las horas trabajadas por él cada semana; que eso constaba al dorso de los sobres que le entregaban con su salario y que personalmente hacía esas anotaciones todas las semanas tan pronto como recibía el sobre, lo abría y sacaba de él el dinero en efectivo. Su abogado ofreció entonces dichos sobres en evidencia y el apelante se opuso por el fundamento de que no habían sido debidamente identificados. Luego procedió el demandante a identificar las notas que aparecían en los sobres y mientras esto hacía, declaraba sin la oposición del demandado, sobre la semana a que pertenecía cada sobre, salario percibido y número de horas trabajadas, llevando al récord en esa forma el detalle completo del número de horas trabajadas mientras estuvo empleado con el demandado. Por otra parte, el de-

mandado repreguntó ampliamente al demandante sobre las notas escritas al dorso de esos sobres. En tales circunstancias, la admisión posterior de los sobres en evidencia, no constituye un error que amerite la revocación de la sentencia.

Dijimos antes que la corte sentenciadora cometió error al fijar la jornada legal de trabajo en 48 horas semanales. En su consecuencia resolvió que para determinar el tipo de salario convenido para las horas regulares de trabajo debía dividirse el salario semanal por el número de horas regulares y legales a trabajarse durante una semana, o sea, 48 horas. Es cierto que el artículo 2 de la Ley núm. 379 de 15 de mayo de 1948, dispone que ocho horas de labor constituyen la jornada legal de trabajo en Puerto Rico y que cuarenta y ocho horas de labor constituyen una semana de trabajo. Ello es así excepto, entre otros casos, cuando por decreto de la Junta de Salario Mínimo, el máximo de labor sea menor de ocho horas diarias. Artículo 6 de la Ley núm. 379. El Decreto Mandatorio núm. 11 de la Junta de Salario Mínimo fija en su artículo 3 una jornada de 44 horas en la semana para los empleados de la industria de la construcción. Por tanto esa es la semana legal de trabajo para esta clase de trabajadores. Véase artículo 21 de la Ley núm. 8 de 5 de abril de 1941, según ha sido enmendada. En su consecuencia la corte a quo debió determinar el tipo de salario que el obrero percibía por hora, a los fines de calcular su compensación por horas extras, tomando como base el salario semanal aplicado a la jornada máxima de labor a la semana, que es de 44 horas. *Ayala* v. *Tribunal de Distrito*, 71 D.P.R. 239.

Como consecuencia de la conclusión a que hemos llegado, tanto el cómputo de las horas extras trabajadas por el demandante para el demandado, como la cuantía de la compensación a que tiene derecho por ese concepto, han sido erróneamente determinadas en el *Exhibit* A, que el tribunal a quo unió a sus conclusiones. El caso será devuelto al tribunal de origen

para que fije la compensación que corresponde al demandante conforme a la fórmula aquí expuesta.

 Queda por considerar el segundo error señalado por el demandante-apelado y apelante. Este es al efecto que la cantidad de $50 concedida para honorarios de abogado es irrazonable. Tiene razón. Dicha suma será aumentada a la de $150.

*Por los fundamentos expuestos se revoca la sentencia apelada y se devuelve el caso a la corte sentenciadora para ulteriores procedimientos no incompatibles con esta opinión.*