MANUEL MIGUEL, demandante y apelante, *v.* HERNAIZ TARGA & Co., SUCRS., S. EN C., MELÓN HNOS. & Co., S. EN C., y CATALÁN GONZÁLEZ & Co., S. EN C., demandadas y apeladas. JOSÉ SALIM y ADELA MIGUEL, demandantes y apelantes, *v.* HERNAIZ TARGA & Co., SUCRS., S. EN C., MELÓN HNOS. & Co., S. EN C. y CATALÁN GONZÁLEZ & Co., S. EN C., demandadas y apeladas.

Núms. 7139 y 7141.—*Sometidos:* Mayo 6, 1937. *Resueltos:* Mayo 26, 1937.

*Pedro G. Quiñones,* abogado de los apelantes; *Angel A. Vázquez,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los casos del epígrafe fueron consolidados a los efectos de la práctica de la prueba y resueltos por una sola sentencia de la Corte de Distrito de San Juan, por haberse entablado

contra las mismas demandadas y referirse a la misma transacción. Seguiremos considerándolos conjuntamente.

Las sociedades mercantiles aquí demandadas y apeladas incoaron ante la Corte de Distrito de los Estados Unidos para Puerto Rico, como acreedoras peticionarias, la petición núm. 951, para que se declarase la quiebra involuntaria del deudor Pedro Tartak.

En 2 de febrero de 1931, el Juez de la Corte Federal, después de oír las declaraciones de varios testigos, basándose en la declaración escrita y jurada de Enrique B. Sánchez, expidió una orden de allanamiento y apoderamiento de bienes, la que traducida al castellano dice así:

"En la Corte de Distrito de los Estados Unidos para Puerto Rico.—En el asunto de Pedro Tartak, quebrado, núm. 951, Quiebra.— En virtud de declaraciones juradas de Enrique B. Sánchez, radicadas en este caso, se ordena y manda que el Márshal de los Estados Unidos registre las siguientes propiedades:

"El piso bajo de una casa situada en la calle 'República' núm. 11, Santurce, P. R., y la casa situada en la calle Isern núm. 9, Santurce, P. R.; y que se apodere ·de toda la mercancía que encuentre en la misma y la retenga en su posesión hasta recibir órdenes posteriores de esta Corte. San Juan, P. R., febrero 2 de 1931. (Fdo..) Ira K. Wells, Juez de Distrito de los Estados Unidos.''

Alega el demandante Manuel Miguel que en cumplimiento de la orden arriba transcrita un márshal de la Corte Federal, a la fuerza y violentamente, invadió, allanó y registró dos apartamientos de la casa núm. 9 de la calle Isern, y más tarde, registró en igual forma el piso bajo de la casa del demandante.

El demandante reclama una indemnización de $15,000 y las costas del pleito. Los fundamentos de la demanda son:

1. Que la orden de allanamiento es nula e ineficaz (a) porque está fundada en una declaración por referencia; (b) porque no describe el sitio que se ha de allanar y registrar, ni tampoco la persona cuya casa se ha de allanar, ni los bienes de que el márshal debía apoderarse; y (c) porque de la faz de la orden misma no aparece causa probable que justifique su expedición.

2. Que del diligenciamiento del márshal aparece que éste no encontró mercadería alguna en casa del demandante.

3. Que la orden de allanamiento fué expedida y las actuaciones del márshal fueron realizadas a instancias de las demandadas, como acreedoras peticionarias en el procedimiento de quiebra contra Pedro Tartak.

La demanda interpuesta en el caso núm. 7141 contiene prácticamente las mismas alegaciones que la del caso núm. 7139. Y en ella se reclama la suma de $5,000 como indemnización.

Negaron las demandadas específicamente los hechos esenciales de ambas demandas y alegaron en contrario que la orden de allanamiento fué expedida y el allanamiento practicado sin intervención, solicitud o gestión alguna por parte de las demandadas, y que lo fueron a solicitud del *Receiver* y del Juez de la Quiebra, quienes actuaron de acuerdo con informes de personas ajenas a las demandadas; y que si bien es verdad que de la orden de allanamiento y registro no aparece causa probable, sin embargo, para dictarla y expedirla existió causa probable más que suficiente, porque en virtud de tal orden y su ejecución fueron encontrados bienes del quebrado escondidos en la casa núm. 11 de la calle de la República.

La corte de distrito dictó sentencia declarando sin lugar ambas demandas, sin especial condenación de costas. Y no conformes los demandantes en ambos casos, apelaron. En sus alegatos señalan como errores de la corte sentenciadora el haber apreciado erróneamente la prueba y haber dictado sentencias contrarias a derecho.

La nulidad de la orden de allanamiento está admitida expresamente por las demandadas y fué declarada por este Tribunal en la opinión dictada en los casos de *Manuel Miguel* v. *Laureano Alvarez et als.*, y *José Salim* y *Adela Miguel* v. *Laureano Alvarez et als.*, ante, pág. 399.

Las únicas cuestiones que debemos resolver son:

1ª. ¿Qué intervención o participación tuvieron las sociedades demandadas en la obtención y diligenciamiento de la orden de allanamiento y registro de la casa de los demandantes?

2ª. En el caso de que las demandadas hayan tenido tal intervención o participación, ¿han presentado los demandantes pruebas suficientes para justificar los daños que alegan haber sufrido como consecuencia del registro de su hogar?

3ª. ¿Tienen derecho los demandantes, de acuerdo con la evidencia, a que se les concedan daños punitivos?

En su relación del caso y opinión la corte sentenciadora declara como hechos probados los siguientes:

Que las sociedades mercantiles demandadas fueron las acreedoras peticionarias de la quiebra de Tartak, y que el abogado de dichas acreedoras era el Licenciado Luis Toro Cabañas; que éste, a nombre de las acreedoras peticionarias, radicó ante la Corte de Quiebra una petición para el examen de testigos antes de la adjudicación, de acuerdo con la Sección 21-A de la Ley de Quiebra, alegando que mercancías y efectos del quebrado habían sido trasladados de su establecimiento y ocultados en distintos lugares, de suerte que el Síndico estaba impedido de tomar posesión de todos los bienes del quebrado; que el Lic. Toro Cabañas asistió a las juntas de acreedores, celebradas en 22 y 26 de enero de 1931, en representación de las acreedoras peticionarias; que el 2 de febrero de 1931 el citado abogado dió instrucciones a dos detectives para que buscaran al individuo Enrique Ballester Sánchez, el que fué llevado a la oficina del abogado y de allí a la Secretaría de la Corte Federal, donde prestó la declaración jurada que sirvió de base para la expedición de la orden de allanamiento y registro en cuestión; que la orden fué entregada al márshal, sin que se expresara por quién; que el márshal practicó el registro de la casa núm. 11 calle República, habitada por José Francisco, encontrando allí mercancías y efectos del quebrado; que el márshal practicó también el registro de los apartamientos de los demandantes,

sin hacer uso de fuerza o violencia, y que estuvo acompañado en ese registro por el abogado Luis Toro Cabañas y dos personas más; que en el registro de los apartamientos de los demandantes no se encontraron bienes algunos del quebrado. Y después de considerar la evidencia de ambas partes, la corte llegó a la siguiente conclusión:

"Por el resultado de la evidencia estimamos que el abogado Luis Toro Cabañas, quien representaba a las demandadas en la quiebra involuntaria de Pedro Tartak, el día 2 de febrero de 1931, fué quien gestionó la comparecencia de Enrique Ballester Sánchez, cuya declaración jurada sirvió de base para la expedición de la orden de allanamiento, y que dicho abogado fué quien consiguió del juez la referida orden, y también acompañó al márshal en el allanamiento y registro, si bien ningún acto de excitación, ni de instigación realizó dicho letrado con el márshal para el allanamiento aludido."

▌ Las gestiones practicadas por el abogado Toro Cabañas lo fueron para la protección y beneficio de los intereses de las aquí demandadas, como acreedoras peticionarias dentro del procedimiento de quiebra iniciado por ellas. Como abogado de récord él estaba autorizado implícitamente para practicar todas aquellas gestiones que fueren necesarias o aconsejables dentro del procedimiento de quiebra, para conseguir y poner bajo la jurisdicción de la corte los bienes del quebrado; y los actos por él realizados con el indicado fin, en ausencia de fraude, son obligatorios para sus clientes. Véanse: 2 R.C.L. párr. 63, pág. 986, y *El Banco de San Juan* v. *Corte de Distrito de San Juan,* 32 .PD.R. 841.

▌▌ La máxima legal *qui facit per alium facit per se* es de aplicación al presente caso. Si el abogado, actuando como agente y representante legal de las demandadas y con el fin de proteger los intereses que le habían sido encomendados, instó y gestionó la expedición de una orden de allanamiento y registro de la casa de los demandantes, y ayudó al diligenciamiento de la misma, maliciosamente, sin causa probable, y sin cumplir los requisitos legales necesarios para la validez de dicha orden, las demandadas son responsables

de los daños y perjuicios que se le causaren a los demandantes como consecuencia de la ejecución de una orden viciada de nulidad. Véanse: *Weaver* v. *Ficke,* 192 S. W. 515, y la nota en 45 A.L.R. 609.

El derecho de todo ciudadano a que se proteja su persona y su propiedad contra arrestos y registros ilegales, está expresamente reconocido por la Ley Orgánica de Puerto Rico y por la Constitución Federal. Y la violación de ese derecho, sin una causa razonable que lo justifique, da un derecho de acción a la parte perjudicada. La Ley Orgánica de Puerto Rico dispone:

"No se expedirá mandamiento de arresto o registro sino por motivo fundado, apoyado en juramento o afirmación, y describiendo particularmente el lugar que ha de registrarse y las personas que han de ser detenidas o las cosas que deben ser embargadas." (Artículo 2, párrafo 26.)

La orden de allanamiento estaba viciada de nulidad. El registro que se hizo en los apartamientos de los demandantes en virtud de dicha orden fué practicado ilegalmente y en violación de los derechos constitucionales de los demandantes. Y habiéndose obtenido la orden y practicado el registro a instancia y con la intervención del abogado de las demandadas, éstas son responsables de los daños y perjuicios que hayan podido sufrir los demandantes. La corte inferior erró al resolver que la prueba no era suficiente para justificar una sentencia a favor de los demandantes.

Convenimos con la corte sentenciadora en que la evidencia introducida por los demandantes para probar los daños y perjuicios alegados específicamente en la demanda, es insuficiente.

Veamos ahora si los hechos probados justificarían la concesión de daños punitivos a los demandantes.

En el caso de *Weaver* v. *Ficke,* supra, la corte al conceder daños punitivos al demandante, dijo:

"Pero se insiste en que la evidencia no autorizaba una instrucción sobre daños punitivos en cuanto a Weaver. Con frecuencia

hemos resuelto que pueden recobrarse daños punitivos cuando el allanamiento se ha hecho maliciosamente, o sin tener en consideración en absoluto los derechos del demandante. (Citas.) Debe recordarse que en un caso como éste la malicia no significa simplemente mala voluntad contra una persona, sino que significa un acto torticero realizado intencionalmente, sin justa causa o excusa. Aquí el allanamiento no fué accidental, sino intencional. Y fué además ilegal e injustificable. . . Habiendo ayudado y aconsejado la expedición de la orden y el allanamiento de ella resultante, y en esa forma puesto en acción a los funcionarios oficiales, Weaver es responsable por los actos ilegales realizados por dichos funcionarios al practicar el registro. Bajo esas circunstancias, la instrucción sobre daños punitivos estaba claramente autorizada.''

No estamos conformes con la conclusión a que llegó la corte inferior al sostener que de la prueba ''se desprende que no se actuó maliciosamente y sin causa probable,'' por cuanto de ella resulta que parte de la mercancía que se buscaba fué encontrada en la casa República núm. 11, del individuo José Francisco. Los demandantes tienen un derecho constitucional a no ser molestados y a que no se interrumpa la paz y tranquilidad de su hogar invadiéndolo para practicar en él registros sin una orden legalmente obtenida y sin causa probable que lo justifique. No podemos aceptar como evidencia que establezca la existencia de causa probable que justifique el allanamiento y registro practicado en las casas de los demandantes, el hecho de que parte de la propiedad que se alegaba haber sido ocultada por el quebrado había sido encontrada en la casa de José Francisco, quien no se ha probado que sea pariente o empleado de los demandantes.

No es necesario, para el ejercicio de la acción interpuesta por los demandantes, probar que éstos fueran arrestados o que su propiedad fuera embargada, ni que se les imputara expresamente el haber ocultado bienes del quebrado para ayudar a éste a defraudar a sus acreedores. La esencia del daño causado a los demandantes consiste en haber invadido sus hogares con el anunciado propósito de registrarlos para

buscar en ellos mercancías que se alegaba una persona en estado de quiebra había ocultado allí con la intención de defraudar a sus acreedores, y en haber sometido a los demandantes a la vergüenza y humillación que hubo de producirles el verse expuestos ante el público como personas capaces de confabularse con otras para perpetrar un fraude. Véase: *Krehbiel* v. *Henkle,* 121 N. W. (Iowa) 378.

Somos de opinión que la corte inferior erró al dictar sentencia desestimando la demanda. Aceptada la nulidad de la orden de allanamiento; no apareciendo de la prueba causa probable suficiente para justificar el acto realizado contra los demandantes; y resultando que el acto del allanamiento y registro no fué accidental y sí intencional y que fué realizado sin tener en consideración los derechos de los demandantes, *debe revocarse la sentencia apelada y en su lugar dictarse otra declarando con lugar la demanda y condenando a las demandadas Hernaiz, Targa & Co., Sucrs., S. en C., Melón Hermanos & Co., S. en C., y Catalán González & Co., S. en C., mancomunada y solidariamente, a pagar a Manuel Miguel, demandante en el caso núm. 7139, la suma de quinientos dólares ($500) como indemnización, más las costas, gastos y desembolsos originados por esta acción, tanto en la corte inferior como en esta Corte Suprema; y a los esposos José Salim y Adela Miguel, demandantes en el caso núm. 7141, para beneficio de ambos, la suma de quinientos dólares ($500) como indemnización, más las costas, gastos y desembolsos en que hubieren incurrido ante la corte inferior y ante esta Corte Suprema. Las costas concedidas no incluirán honorarios de abogado.*