EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO RODRÍGUEZ BRAVO, acusado y apelante.

Núm. 8546.—*Sometido:* Enero 20, 1941. *Resuelto:* Enero 22, 1941.

*Carlos D. Vázquez,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de San Juan en febrero 20, 1940, imponiendo al acusado Francisco Rodríguez Bravo cincuenta dólares de multa o en su defecto un día de cárcel por cada dólar dejado de satisfacer, como infractor de una orden final de la Comisión de Servicio Público,

el acusado, tres días después, apeló de la sentencia para ante este tribunal. Obtuvo su libertad provisional y nada más hizo.

Así las cosas, en noviembre 18, 1940, o sea, cerca de nueve meses después de interpuesto el recurso, solicitó el fiscal la desestimación del mismo por negligencia del apelante en su tramitación.

Señalada la vista de la moción para el día veinte de enero en curso, comparecieron ambas partes. El fiscal sostuvo su petición y el acusado se opuso. Alegó que desde enero 7 actual se habían radicado en la secretaría de esta corte el legajo de la sentencia y la transcripción de evidencia y que el no haberlos radicado antes se debió a que al apelar encomendó su caso a su abogado Antonio J. Amadeo con quien trató de comunicarse al ser notificado de la moción de desestimación, no pudiendo hacerlo por encontrarse dicho abogado incorporado al Ejército en el campamento del "Tortuguero", Vega Baja, P. R., motivo por el cual nombró al abogado que ahora lo representa, y que se trataba de un recurso meritorio por ser la prueba insuficiente y no imputarle debidamente la denuncia la infracción por la cual fué castigado.

La negligencia en la tramitación del recurso es clara.—Parece conveniente hacer constar que además del Sr. Amadeo figura como abogado del acusado el Sr. Malatrasi.—No ya dejó de cumplirse en tiempo con lo prescrito en el artículo 356 del Código de Enjuiciamiento Criminal, edición de 1935, y con la regla 59 del Reglamento de esta corte, 17 D.P.R. LXXIV, si que notificado el apelante de la moción de desestimación el 22 de noviembre de 1940, no fué hasta el 7 de enero de 1941 que archivó el legajo de la sentencia y la transcripción de la evidencia. Véase *Pueblo* v. *Ruiz Guzmán,* decidido en el día de hoy (ante, pág. 892).

Además hemos examinado dicho legajo y dicha transcripción para juzgar sobre los méritos del recurso y encontramos prima facie que la denuncia es bastante y que la evidencia es suficiente. Si bien por el Pueblo declaró un solo

testigo y por la defensa varios que tendieron a contradecirlo, la corte sentenciadora en uso de sus facultades decidió el conflicto en contra del acusado sin que surja del récord indicio alguno de pasión, prejuicio o parcialidad por parte del juzgador.

Siendo esos los hechos del caso y las circunstancias que en el mismo concurren, no hay base sólida para el ejercicio de nuestra discreción en pro del apelante y *la moción del fiscal debe ser declarada con lugar desestimándose en su consecuencia, por abandono, el recurso.*