JULIO LAABES, demandante y apelante, *v.* ISIDORE TOPP, demandado y apelado.

Núm. 9533.—*Sometido:* Enero 13, 1948. *Resuelto:* Marzo 19, 1948.

*Marcelino Romany,* abogado del apelante; *J. López Baralt,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Julio Laabes radicó una demanda ante la Corte de Distrito de San Juan alegando que es ingeniero civil; que allá por el mes de julio de 1945 el demandado requirió sus servicios profesionales para que le preparara unos planos de una destilería situada en la ciudad de Saint Thomas, Islas Vírgenes; que de acuerdo con la solicitud del demandado él se trasladó a Saint Thomas y allá, sobre el terreno, hizo los dibujos que habían de servir de base para la preparación de los planos requeridos por el demandado; que una vez hechos los dibujos, preparó los planos que le habían sido encomendados por el demandado y de acuerdo con sus instrucciones; que en la preparación de los mismos empleó más de veinte días de trabajo, con sus noches, nueve en Saint Thomas y el resto en Puerto Rico; que el demandado Isidore Topp se obligó para con el demandante a pagar el valor razonable de dichos servicios, lo que no ha hecho a pesar de los distintos requerimientos con ese propósito; y que el valor razonable de los mismos es de $4,500.

El demandado contestó negando las alegaciones esenciales de la demanda y sosteniendo, en contrario, que conociendo él al demandante desde hacía algún tiempo, lo relacionó, puso en contacto y recomendó a Virgin Islands Distillers, una sociedad que hace negocios en Saint Thomas, Islas Vírgenes, de la cual el demandado no es agente, empleado, representante o socio, ni lo era para la fecha del alegado requerimiento; que fué dicha Virgin Island Distillers la que

requirió los servicios del demandante y que una vez que éste preparó los dibujos, la Virgin Islands Distillers, no conforme con los mismos, le dió instrucciones terminantes para que descontinuara todo trabajo ulterior en dichos planos; que quien hizo el requerimiento y quien es responsable del pago del valor razonable de los servicios es la Virgin Islands Distillers, a quien el demandante facturó por parte de los mismos y de quien recibió una compensación parcial.

La cuestión a resolver quedó circunscrita a determinar si el demandado reveló o no, total o parcialmente, la identidad de su mandante. La corte a quo, una vez celebrada la vista, declaró sin lugar la demanda y concluyó que:

"Apreciada la prueba en su totalidad, así como las circunstancias que han concurrido en este caso llegamos a la ineludible conclusión de que el hecho de haberse trasladado Topp y Laabes a la Virgin Island Distillers para que Laabes efectuara el trabajo; el hecho de haber puesto Solomon, administrador de la Virgin Islands Distillers, dos hombres para que cooperaran con Laabes en la realización del mismo; el hecho de haber estado Laabes nueve días asistiendo personalmente a la planta de la Virgin Islands Distillers; el hecho de haber la Virgin Islands Distillers pagado los gastos de estada de Laabes en el Grand Hotel de Carlota Amalia; el hecho de haberse entrevistado más tarde Laabes con Benjamín Bayne; el hecho de haber éste ordenado la paralización del trabajo y que se preparara un planito distinto, por el cual la Virgin Island Distillers pagó $15; el hecho de tener conocimiento De la Torre de que el trabajo se haría para la Virgin Islands Distillers y ser De la Torre y Laabes antiguos e íntimos amigos; el hecho de saber Laabes que Topp nunca había actuado a nombre propio, sino que en todas las ocasiones anteriores en que éste lo había llamado para efectuar algún trabajo lo había hecho en beneficio de un tercero, la Compañía Ron Carioca Destilería, Inc.; el hecho de haber pasado Laabes la cuenta de sus honorarios en este caso a la Carioca; el hecho de que al indicársele a Laabes que ese trabajo lo pagaría la Virgin Islands Distillers él remitió la cuenta a Bayne, Presidente de dicha destilería, y el hecho de haber declarado Topp que le dijo claramente a Laabes que el trabajo se haría para la Virgin Islands Distillers demuestran de manera ostensible e inconcusa que el demandado en

este caso reveló la identidad de su mandante y que desde el primer momento, Laabes sabía que el trabajo se haría para la Virgin Islands Distillers de Saint Thomas.''

De esta sentencia apela el demandante, alegando como único señalamiento que ''cometió error la corte sentenciadora al resolver que el solo hecho de que Topp, al requerir los servicios de Laabes, le dijera que los servicios a prestarse eran para Virgin Islands Distillers era suficiente revelación de la identidad del mandante que tuviera el efecto legal de exonerar de responsabilidad al mandatario.'' Sostiene el demandante y apelante que el demandado, al no revelar quién o quiénes eran Virgin Islands Distillers, quedó obligado personalmente por altas razones de orden público porque cuando un agente no identifica suficientemente a su principal entonces el agente es responsable como si hubiera contratado a su propio nombre; que el demandado todo lo que dijo al demandante fué que ''haría el trabajo para Virgin Islands Distillers'' sin expresar ni decir a éste lo que era Virgin Islands Distillers, si era una sociedad, si una corporación, o si una persona que hacía negocios bajo ese nombre en forma tal que el demandante pudiera saber con quién celebraba su contrato y a quién iba a demandar en el futuro en caso de que sus servicios no fuesen pagados.

¿Reveló Topp la identidad de su mandante? Para contestar esta pregunta, tenemos que acudir a la prueba. Esta puede resumirse como a continuación lo haremos. Ben Bayne, socio gestor de la Virgin Islands Distillers, se comunicó desde Estados Unidos con Isidore Topp y le pidió que consiguiera a alguien que preparara ciertos planos para su destilería. Topp se comunicó con Antonio de la Torre, quien en otras ocasiones había realizado trabajos de ingeniería para la Compañía Ron Carioca Destilería, Inc. De la Torre manifestó que no podía hacer ese trabajo por estar demasiado ocupado y recomendó a Laabes. Ambos fueron a ver a Topp y en la entrevista celebrada se convino en que

Laabes haría el trabajo. El demandante se trasladó entonces, junto con Topp, a Saint Thomas donde éste lo puso en contacto con Virgin Islands Distillers, presentándole al administrador de la misma, Jerome Solomon, quien le dió las instrucciones sobre el trabajo a realizarse y puso a su disposición dos hombres para ayudarlo. Topp regresó a Puerto Rico el mismo día y Laabes permaneció en la destilería durante varios días tomando apuntes para levantar los planos de situación. Todos los gastos del demandante durante su permanencia en St. Thomas y con su conocimiento, fueron satisfechos por Virgin Islands Distillers. Bayne llegó de Estados Unidos y Laabes le mostró los *"sketches"* de los planos. No estando satisfecho con ellos, Bayne le pidió un plano de situación del cuarto de destilar, que fué preparado inmediatamente por Laabes y por el cual facturó directamente a Virgin Islands Distillers, recibiendo de ésta el pago ascendente a $15. Laabes continuó con el trabajo, empleando dos ayudantes y cuando estuvieron listos pasó una cuenta por $4,500 a la Compañía Ron Carioca Destilería, Inc. al cuidado de Topp, no recibiendo contestación alguna. Algunos días después Laabes sostuvo una entrevista con Topp quien le dijo que tenía que pasarle la cuenta a B. Bayne, Carlota Amalia, Virgin Islands, lo cual hizo el demandante, pero tampoco recibió contestación alguna. Fué Laabes a St. Thomas y vió a Bayne personalmente y éste le manifestó que ya no necesitaba los planos y que consideraba excesiva la cantidad que se cobraba. Volvió Laabes a entrevistarse con Topp y al éste negarse a asumir responsabilidad surgió este pleito.

La corte inferior dirimiendo el conflicto en la pueba dió crédito a aquella ofrecida por el demandado y concluyó que Topp reveló suficientemente la identidad del mandante. Dicha conclusión está sostenida por la evidencia. Siendo esto así, es de aplicación lo dispuesto en el artículo 1616 del Código Civil, edición de 1930, al efecto de que:

"El mandatario que obra en concepto de tal no es responsable personalmente a la parte con quien contrata sino cuando se obliga a ello expresamente o traspasa los límites del mandato sin darle conocimiento suficiente de sus poderes."

En el caso de autos no solamente le dijo el demandado al demandante que el trabajo era para Virgin Islands Distillers, sino que lo llevó a St. Thomas, lo presentó a Solomon y más tarde a Bayne, representantes ambos de la mencionada destilería. La Virgin Islands Distillers está dispuesta a pagar y la única razón por la cual no lo ha hecho es porque considera la cuenta excesiva. Además, del propio testimonio del demandante, surge que el demandado nunca le manifestó que él se obligaba personalmente. Así lo demuestra lo que a continuación copiamos de la declaración del demandante:

"P. ¿Le dijo el Sr. Topp que él personalmente le iba a satisfacer sus honorarios por ese trabajo?
"R. No lo dijo."

Por lo expuesto, opinamos que la corte inferior no cometió el error señalado.

*Procede confirmar la sentencia.*

El Juez Asociado Sr. Marrero no intervino.