JOSÉ GONZÁLEZ REYES, demandante y apelado, v. GONZALO GONZÁLEZ SEGARRA, demandado y apelante.

Número 10817.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 16 de febrero de 1954.

*Guillermo Bauzá,* abogado del apelante; *Joaquín Gallart Mendía* y *Guillermo Estrella Frasqueri,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

En diciembre 27 de 1951, José González Reyes instó querella ante el antiguo Tribunal de Distrito, Sección de Aguadilla, reclamando del querellado Gonzalo González Segarra, ciertas cantidades adeudadas por concepto de diferencia de salarios, horas extras y séptimos días amparándose para ello en las disposiciones de las Leyes número 49 de 7 de agosto de

1935, núm. 289 de 9 de abril de 1946 y número 379 de 15 de mayo de 1948. Contestó el querellado la querella y señalado el caso para juicio compareció el querellado acompañado de sus testigos, todos los cuales fueron debidamente juramentados, y asistido también de sus abogados de récord, Luis Alfredo Colón y Miguel Velázquez Rivera. Una vez practicada la prueba del querellante, el querellado ofreció cierta prueba documental y prueba oral, consistente ésta en su propio testimonio y el del testigo Tito Vélez. Al terminar de declarar este testigo, uno de los abogados del querellado anunció al tribunal que renunciaba a los demás testigos que habían sido ofrecidos, juramentados y puestos bajo las reglas de la corte, porque constituirían prueba acumulativa; que los ponía a disposición de la otra parte y que ese era su caso.

A base de la prueba ofrecida por ambas partes el Tribunal de Distrito dictó sentencia con fecha 24 de junio de 1952 declarando con lugar la querella y condenando al querellado a pagar al querellante una suma total de $1,079.90. Dicha sentencia fué notificada a las partes al día siguiente y no estando conforme el querellado apeló de la misma para ante este Tribunal, en 9 de julio de 1952, mediante escrito firmado por uno de sus abogados de récord. Estando pendiente dicha apelación, el querellado radicó en el tribunal a quo, una moción titulada "Moción Interesando Reconsideración de Sentencia y Substitución de Abogado", suscrita por el Lcdo. Guillermo Bauzá, quien no figuraba como abogado de récord del querellado. En dicha moción solicitó la reconsideración de la sentencia, invocando la Regla 60(b) de las de Enjuiciamiento Civil, entre otros motivos, porque (a) la fórmula seguida por la corte sentenciadora para determinar el salario que el querellante percibía por hora durante el período cubierto por la Ley núm. 49 de 1935, era errónea, y (b) que por negligencia excusable el querellado no presentó los testimonios de los testigos juramentados Ramón González Jiménez, Silvestre Segarra y Félix Crespo. El tribunal a quo se declaró sin juris-

dicción para conocer de la referida moción toda vez que aún estaba pendiente la apelación interpuesta por el querellado contra la sentencia cuya reconsideración se solicitaba. Recurrió entonces el querellado ante este Tribunal solicitando que se le tuviera por desistido de su apelación a todos los fines legales y así lo dispusimos por resolución de 30 de octubre de 1952.

Posteriormente el querellado compareció por escrito ante el tribunal a quo solicitando que se resolviera su "Moción Interesando Reconsideración de Sentencia y Sustitución de Abogado." (1) Luego de señalarse una vista y de oírse a las partes sobre dicha moción de reconsideración, la corte a quo la declaró sin lugar en todas sus partes por resolución de 25 de febrero de 1953. Apeló nuevamente el querellado para ante este Tribunal tanto de la sentencia original como de la resolución declarando sin lugar la moción de reconsideración.

A solicitud del querellante desestimamos el recurso en cuanto a la apelación interpuesta contra la sentencia; pero nos negamos a desestimar la apelación interpuesta contra la resolución de 25 de febrero de 1953, que es la que está ahora ante nos.

El querellado apelante imputa a la corte a quo la comisión del siguiente único error:

"El tribunal inferior cometió error al no aplicar a la situación de hechos en este caso los principios equitativos de la Regla Sesenta (b) de las de Enjuiciamiento Civil para las Cortes de Puerto Rico."

 El error señalado es frívolo. La corte a quo actuó correctamente al resolver que no constituía negligencia excusable, que pudiera servir de base para dejar sin efecto su sentencia, el hecho de que el querellado apelante no llamara a declarar a tres testigos suyos, quienes estaban bajo las re-

---

(1) Consideramos que se trata de una moción presentada bajo la Regla 60 (b) de las de Enjuiciamiento Civil y no de una moción sobre reconsideración de sentencia.

glas de la corte y cuyos testimonios constituían prueba acumulativa. Sus abogados de récord renunciaron a esos testigos en presencia del querellado y tal actuación, obliga a éste. *Ex parte Morales*, 30 D.P.R. 907; *Cancela* v. *Pellot*, 34 D.P.R. 664; *Gallardo* v. *Rodríguez*, 42 D.P.R. 927; *Delgado* v. *Corte de Distrito*, 36 D.P.R. 6; *Sierra* v. *P. Longo & Co.*, 45 D.P.R. 807; *Miguel* v. *Hernaiz Targa & Co.*, 51 D.P.R. 585; *Pueblo* v. *Ruiz*, 57 D.P.R. 892; *Pueblo* v. *Rodríguez*, 57 D.P.R. 895. No debe relevarse a una parte de las consecuencias producidas por la falta o negligencia de su abogado, a menos que se trate de un caso extraordinario donde de otra suerte resultaría un completo fracaso de la justicia. 5 Am. Jur. sección 78, pág. 305. En este caso, sin embargo, no hubo negligencia de los abogados del querellado. Ellos siguieron la práctica corriente de renunciar a parte de los testigos por constituir sus testimonios prueba acumulativa. No se nos ha demostrado que ese no era el carácter de dichos testimonios, o que los mismos hubieran cambiado o afectado el resultado del pleito, o por lo menos, que existe una gran probabilidad de que así hubiera sido.

Respecto al error de cómputo alegado por el apelante, se expresa así en su alegato el apelado:

"Otro punto al cual le dá el apelante mucho énfasis y en que apoya su solicitud sobre revocación de la resolución apelada, es que, según dicho apelante, el tribunal inferior se equivocó al computar el importe de las novenas horas bajo las disposiciones de la Ley núm. 49 del 7 de agosto de 1935, alegando para ello que los $10 de salario semanal debieron ser divididos por la totalidad de las horas trabajadas. Está completamente equivocado el apelante en esta alegación, ya que la reclamación por novenas horas, según consta del párrafo núm. 4 de las conclusiones de hecho en que basó el tribunal inferior su sentencia, comprende el período desde el 25 de abril de 1947 hasta el 15 de mayo de 1948, por haber sido derogada en esta última fecha la Ley núm. 49 de 1935 relativa a novenas horas. Antes del 25 de abril de 1947, fecha de donde parte la reclamación, estaba vigente ya la Ley núm. 289 de 9 de abril de 1946 disponiendo el pago de un tipo doble de

salario por trabajo efectuado en los séptimos días, o sea, los llamados días de descanso. Como en la querella el demandante-apelado estaba cobrando también por séptimos días, cosa que también aparece consignado en el párrafo quinto de las conclusiones de hecho del tribunal inferior, el cómputo para calcular las novenas horas no podía hacerse a base de siete días de trabajo y sí de seis, ya que de lo contrario se le hubiera estado cobrando al apelante dos partidas distintas por trabajos efectuados el séptimo día, o sea, una por la alegada novena hora y otro por los alegados séptimos días, y las novenas horas trabajadas en los séptimos días, como cuestión de hecho, estaban comprendidas en la reclamación de esos séptimos días."

Está en lo cierto el apelado. No se cometió el error de cómputo señalado. *Cf. Ayala* v. *Tribunal de Distrito,* 71 D.P.R. 239.

*La resolución apelada será confirmada.*