**COOPERATIVA de SEGUROS MULTIPLES de PUERTO RICO, Plaintiff,**

**v.**

**Manuel SAN JUAN, Jr., etc., Defendants.**

**Civ. No. 234–68.**

United States District Court
D. Puerto Rico.

Sept. 11, 1968.

See also D.C., 288 F.Supp. 136; D.C., 289 F.Supp. 983.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Enrique Adsuar Lores, Eli B. Arroyo, San Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

Defendants, in their answer to the amended complaint, asserted certain affirmative defenses among which was one to the effect that punitive damages are not recoverable under the law of Puerto Rico. There is a claim for one million dollars concerning punitive damages in the complaint.

The plaintiff filed, on June 24, 1968, a motion to strike the affirmative defenses. A hearing was held in connection therewith and briefs have been filed by the parties discussing their respective contentions.

The court is fully advised of the arguments of the parties and concludes that damages to be awarded under the law of Puerto Rico should be of a compensatory nature, to make plaintiff whole for the damages and injuries suffered by him, and not in the manner of a punishment. See Díaz v. San Juan Light, 17 D.P.R. 69, Rivera v. Rossy, 64 D.P.R. 718, 721; Correa v. Fuentes Fluviales, 83 D.P.R. 144; Valentín v. E. L. A., 84 D.P.R. 112; and Pérez Escolar v. Collado, 90 D.P.R. 806. Furthermore, punitive damages have been severely criticized in many jurisdictions of the United States. 22 Am.Jur.2d, Section 236; 35 A.L.R.2d 302.

The only case which mentions the concept of punitive damages in Puerto Rico, and upon which the plaintiff relies for its claim in that respect, is that of Miguel v. Hernaiz Targa & Co., 51 P.R.R. 568. The wording of this case in connection with punitive damages has not been followed by any other decision of the Supreme Court of P. R. On the contrary, that same court, commenting on the case of Hernaiz Targas, has recently expressed:

"It is necessary to note, nevertheless, that in Miguel v. Hernaiz Targa & Co., 51 DPR 585 (1937), even though reference was made to punitive damages, the award made was really for the moral damages suffered which consisted in the shame and humiliation of being exposed to the public as persons capable of confabulating with others to commit a fraud."

Pereira v. International Basic Economic Corp. et als., (1967) P. R. Bar Association, Ref. 106.

It may be validly asserted that in Puerto Rico, which is a Civil Law

country, the doctrine of punitive damages does not prevail. Professor Guaroa Velázquez, of the University of Puerto Rico, explains it thus:

"Puerto Rican case law has not yet admitted the theory of punitive damages adopted by Anglo-American Law. According to that law, one may take into account not only the result produced by the tort, the material and moral suffering of the victim, but also the cause, that is, the conduct of the agent, in cases where such conduct constitutes, besides a violation of a right, an outrage or an insult. It seems that in Anglo-American Law, in which moral damages are not admitted, such a theory is justified; that justification does not exist in Puerto Rican Law." (translation supplied) Obligaciones y Contratos, P. 120.

The fact that a special law governing claims against the state has a provision that punitive damages may not be assessed against the state, cannot be taken as basis or authority to the proposition that punitive damages are recoverable in general in Puerto Rico. The inclusion of such a phrase may have been a superfluous provision resulting from the legislature's desire of being all inclusive and of definitely and clearly avoiding, for the present and the future, certain actions against the sovereign's immunity.

In addition to what is already expressed, actions for damages arising out of libel in Puerto Rico are specifically regulated by Title 32 LPRA, Sections 3141–3149. At no part of this special legislation are punitive damages allowed to be recovered and in none of the cases of the Supreme Court of Puerto Rico dealing with damages for libel have punitive damages been granted or recognized. In those cases where damages have been granted the court based its decision on the fact that there was a *libel per se*. A statement constituting a libel per se gives rise to a presumption of damages, but this is something different from the doctrine of punitive damages invoked in the complaint. Rivera v. Martínez, 26 D.P.R. 692; Jimenez v. Díaz Caneja, 14 D.P.R. 9; Moraza v. Rexach, 68 D.P.R. 433; and Mulero v. Martínez, 58 D.P.R. 322.

Plaintiff's motion to strike the affirmative defenses should, therefore, and is hereby denied as to the affirmative defense concerning punitive damages.