Colón Birriel, Juez Ponente
*725 TEXTO COMPLETO DE LA RESOLUCION
I
El recurso que nos ocupa se presentó originalmente como una apelación. La peticionaria Lydia E. Rivera Rodríguez y otros ("Rivera") recurren de una "Orden" emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 17 de mayo de 1996, notificada de su archivo en autos el 21 de mayo. Mediante el dictamen en cuestión, el referido tribunal declaró "No Ha lugar" la "Moción bajo la Regla 49.2", que presentara Rivera el 8 de mayo de 1996, solicitando se dejera sin efecto una sentencia emitida por dicho foro el 21 de diciembre de 1995. Mediante la referida sentencia, a su vez, se declaró sin lugar la demanda que sobre "Liquidación de Comunidad de Bienes" presentara Rivera y con lugar la reconvención instada por los recurridos, Luz Delia Castro Cruz y otros ("Castro"). Se ordenó, además, el desalojo de Rivera y de todos los ocupantes de un inmueble objeto de la demanda.
El 16 de julio de 1996, Castro presentó ante este Tribunal un escrito en el que solicitó se desestimare y/o declarase sin lugar el de apelación pendiente ante nuestra consideración. Habiendo comparecido ambas partes, estamos en condiciones de resolver, y así lo hacemos. Denegamos.
n
Para resolver el presente resulta necesario hacer un recuento cronológico del trámite procesal acaecido ante el foro de instancia. Veamos.
Según surge de los autos, el 3 de enero de 1995, Rivera presentó la demanda anteriormente mencionada sobre liquidación de comunidad de bienes contra Castro. En dicha demanda Rivera alegó, en síntesis, que por espacio de 12 años, ella y su esposo Steve Colón Castro, hijo de Castro, habían residido en una propiedad -edificación de concreto- perteneciente a Castro; que durante ese período y con el consentimiento de Castro, ella y su esposo realizaron múltiples mejoras en dicha propiedad; que posteriormente Rivera se divorció de su esposo; que como consecuencia de ello y de la división de bienes gananciales solicitaba una suma de dinero equivalente a su participación en dichas mejoras. 
El 15 de marzo de 1995, Castro presentó su contestación a la demanda, negando en su gran mayoría las alegaciones contenidas en la misma. Conjuntamente con dicha contestación presentó, además, una reconvención alegando, en esencia, que era la dueña del inmueble ocupado por Rivera; que esta última llevaba ocupando dicho inmueble desde el año 1981, sin pagar canon de arrendamiento alguno; que era su deseo recobrar la posesión del referido inmueble, cosa que le había solicitado a Rivera tanto personalmente como por escrito, pero sin éxito alguno; que todos los gastos de reparación y mejoras fueron al costo de su propio peculio y no el de Rivera. 
Así las cosas, cerca de cuatro meses después, el 5 de julio de 1995, Castro presentó "Moción en Solicitud de Desestimación de la Demanda" alegando, entre otras cosas, que Rivera no había contestado la reconvención, habiendo transcurrido en exceso el término dispuesto para ello. Solicitó, además, la desestimación de la demanda y que se declarase con lugar la reconvención, todo ello conforme a la Regla 39.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2. Como consecuencia de lo anterior, el 7 de julio de 1995, el tribunal le ordenó a Rivera que replicara a la moción de desestimación presentada por Castro, concediéndole para ello el término de diez (10) días. Copia de la referida orden fue archivada en autos el 11 de julio de 1995. No obstante, Rivera hizo caso omiso a la misma.
Posteriormente, el 26 de julio de 1995 y ante la inacción de Rivera, Castro presentó una "Segunda Moción Solicitando Desestimación a la Demanda". El 2 de agosto de 1995, el tribunal dictó una orden, notificada de su archivo en autos el 7 de agosto, donde ordenó se anotara la rebeldía en cuanto a la reconvención y se señalara vista para el 29 de agosto de 1995, en cuanto a la desestimación de la demanda. Nótese que no es hasta que Castro radica su segunda moción solicitando la desestimación de la demanda, que el tribunal le anota la rebeldía a Rivera en cuanto a la reconvención, esto es, transcurridos cerca de cinco meses después de notificada esta última.
El 29 de agosto de 1995 día de la vista para la discusión de la moción de desestimación presentada por Castro, compareció Castro y su representación legal, no así Rivera ni su representante legal. No empece lo *726 anterior, el tribunal se reservó su dictamen en cuanto a la desestimación de la demanda y señaló el juicio para el 21 de diciembre de 1995, a las 9:00 a.m., concediéndole a las partes un término de veinte (20) días para informar los nombres de los testigos que se proponían utilizar el día del juicio. 
El 12 de septiembre de 1995, la representación legal de Castro, presentó "Moción en Cumplimiento de Orden", informando los testigos que se proponía utilizar el día de la vista, según lo ordenado por el tribunal el 29 de agosto de 1995. El tribunal se dio por enterado de la moción presentada por Castro y le concedió hasta el 30 de noviembre de 1995 para anunciar cualquier otro testigo. Rivera ni su representante legal comparecieron a informar los testigos que se proponían utilizar, según le fuera requerido por el tribunal.
Así las cosas, llegado el día de la vista en su fondo, 21 de diciembre de 1995, nuevamente comparecieron Castro y su representación legal no así Rivera ni su representante legal. En vista de ello, el tribunal procedió a tomarle juramento a Castro, quien luego de ello prestó su testimonio. Posteriormente, ese mismo día 21 de diciembre de 1996, el tribunal emitió su sentencia desestimando la demanda presentada por Rivera y declaró con lugar la reconvención instada por Castro. Dicha sentencia fue registrada y notificada de su archivo en autos el 28 de diciembre de 1995.
Acto seguido, el 26 de diciembre de 1995, Rivera presentó "Moción de Reconsideración" a la referida sentencia del 21 de diciembre de 1995. En ésta alegó, en lo pertinente, lo siguiente:

"1. El caso de epígrafe tenía señalamiento el día de ayer, 21 de diciembre de 1995 sobre reclamación de División de Comunidad de Bienes.

2.Debido al calendario del abogado que comparece, nos comunicamos con la secretaria de este Honorable Tribunal el 20 de diciembre de 1995 en horas de la tarde para solicitar un turno posterior en el caso de epígrafe y así poder atender los asuntos que teníamos pendiente. La secretaria nos indicó que debía confirmar con Su Señoría. Luego de continuar esta situación, se nos indicó que no había problema alguno en solicitar un turno posterior hasta las 11:00 p.m. siempre y cuando se lo indicáramos al abogado de la parte contraria. Acto seguido, nos comunicamos con el Ledo. Ríos, quien muy gentilmente nos indicó que no tenía inconveniente alguno ante nuestra solicitud.

3.A pesar de la gestión realizada, entendemos que el caso se llamó antes de las 11:00 a.m. según información ofrecida por el Alguacil de Sala. Debido a la incomparecencia de la parte demandante y de su representante legal, este Honorable Tribunal dictó sentencia en contra de la parte demandante.

4.Cabe señalar que el 21 de diciembre de 1995, al terminar las gestiones señaladas en la Sala 202, el alguacil de la Sala del Juez López Soto, (Sala 202) nos indicó que teníamos un señalamiento en esta Sala, que habíamos suspendido anteriormente y se había señalado para este día. Por la rapidez entre un señalamiento y otro, el Tribunal no había notificado este señalamiento al abogado que comparece. El abogado que suscribe llegó al Tribunal a eso de las 11:15 a.m. no sin antes haber notificado a eso de las 11:00 a.m. que ya me dirigía hacia el tribunal de Menores. Véase: "Moción de Reconsideración" - Exhibit 19 Apéndice de Escrito de Apelación, pág. 30. (Enfasis nuestro).
En cuanto a la referida moción, el 9 de enero de 1996, el foro de instancia dictó resolución expresando: "NO HA LUGAR. LOS PRIMEROS CUATRO PARRAFOS NO SE AJUSTAN A LO OCURRIDO ESE DIA". Copia de dicha resolución fue notificada de su archivo en autos el 11 de enero de 1996.
Por su parte y al amparo de la sentencia dictada por el tribunal el 21 de diciembre de 1995, Castro solicitó el lanzamiento de todos los ocupantes de la propiedad, lo que fue concedido por el tribunal mediante orden del 2 de abril de 1996.
Así las cosas, el 6 de mayo de 1996, Rivera presentó "Moción bajo la Regla 49.2" en la que prácticamente reprodujo lo relatado por ésta en su moción de reconsideración, y que citáramos anteriormente. El 13 de mayo de 1996, Castro presentó "Replica a la Moción bajo la Regla 49.2". Finalmente, el 17 de mayo de 1996, el *727 foro de instancia declaró "No Ha lugar" la moción bajo la Regla 49.2 de Rivera, notificándosele de su archivo en autos el 21 de mayo de 1996.
Inconforme con esta determinación del Tribunal de Primera Instancia Rivera presentó el que nos ocupa, señalando que "Erró el Tribunal de Instancia al denegar la Moción al amparo de la regla [sic] 49.2 de las de Procedimiento Civil". Posteriormente, el 21 de noviembre de 1996 Rivera presentó ante este Tribunal "Moción en Solicitud de Orden Provisional y en Auxilio de Jurisdicción". 
ni
En esencia alega Rivera, que todo lo acontecido en la mañana del día del juicio, explicado en su totalidad en su moción de reconsideración y reproducido en su moción de relevo, y ahora, ante nos, en su escrito de "Apelación", constituyó el error, la inadvertencia y/o negligencia excusable contemplados en el inciso de la Regla 49.2 de las de Procedimiento Civil, supra. No tiene razón, veamos.
La Regla 49.2 de las de Procedimiento Civil, supra, en su parte pertinente, dispone:

"49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.

Mediante moción y bajo condiciones que sean justas, el tribunal podrá relevar a una parte, representante legal de una orden o procedimiento por las razones:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable.

(2).
(3).
(4).
(5).

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

...La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado acabo el procedimiento..." (Enfasis nuestro).
En general, con relación a la antes citada disposición de ley, se ha resuelto que la misma debe interpretarse de forma liberal haciendo un balance de los intereses en conflicto, en particular e inclinando la balanza hacia aquél de que los pleitos se resuelvan en sus méritos. Neptune Packing Corp. v. Wakenhut Corp., 120 D.P.R 283 (1988); Banco Central Corp. v. Gelabert Alvarez, _ D.P.R. _ (1992), 92 J.T.S. 150; Imp. Vilca v. Hogares Crea, 118 D.P.R. 679 (1987); Sunc. Bravo v. Secretario de Hacienda, 106 D.P.R. 672 (1987). Se ha resuelto, además, que es necesario que el promovente de la solicitud de relevo de sentencia por el mecanismo de la regla 49.2, supra, haya sido diligente en el trámite de su caso. Neptune Packing Corp. v. Wakenhut Corp., supra. Es decir, si hay falta de diligencia y ello es motivo o es parte de la causa por la cual se dicta sentencia, ello perjudica la pretensión del que solicita el relevo de la misma. González v. González, 76 D.P.R. 18, 21 (1954); Díaz v. Tribunal Superior, 93 D.P.R. 79, 88, 89 (1966).
Ahora, dirigiendo nuestra atención específicamente a las disposiciones de dicha regla, debe resaltarse el hecho de que una moción radicada al amparo de la misma deberá presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia, por las situaciones de excepción que reconoce la propia regla. No obstante, a pesar de que dicha regla habla de un término de seis (6) meses, lo cierto es que el criterio determinante lo es la razonabilidad. Así por ejemplo, una moción presentada digamos a los sesenta (60) días de dictada la sentencia podría ser desestimada por tardía si el *728 tribunal al hacer un análisis de todas las circunstancias estima que la parte estaba en aptitud de y podía presentar la moción en un término menor. Es decir, la parte debe ser diligente en la presentación de dicha moción, razón por la cual no puede cruzarse de brazos y acudir el día final a la expiración del plazo de seis (6) meses, a menos que las circunstancias así lo requieran.
Determinar si una solicitud de relevo de sentencia ha sido presentada dentro de un término razonable, requiere el ejercicio de discreción de parte del tribunal. Tal discreción es necesaria para la determinación de lo que constituye un término razonable dentro de los hechos particulares de cada caso. El ejercicio de esa discreción ha de ser imparcial guiada por principios legales a ser ejercitados de conformidad con el espíritu de la ley, y de manera que adelante y no obstruya o atrase, los fines de la justicia. Por ello, como señala Cuevas Segarra, "debe sopesarse el posible perjuicio que a la parte contraria le pueda ocasionar la tardanza del promovente, ante las razones que éste pueda tener para no haber acudido tras el principio de la finalidad de las sentencias y el postulado fundamental que exije que se provean los mecanismos adecuados para corregir aquellas que sean erróneas e injustas." Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 823-824 (1980), (PER CURIAM); Neptune Packing Corp. v. Wakenhut Corp., supra\ Cuevas Segarra, Práctica Procesal Puertorriqueña - Procedimiento Civil; Publicaciones J.T.S., 1988, Cap. VIII, a la pág. 269.
Por otro lado, al examinar una moción de relevo radicada al amparo del inciso de dicha regla, el cual es el pertinente al caso que nos ocupa, el tribunal debe hacer un análisis y balance racional justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo "error, inadvertencia, sorpresa o negligencia excusable". No es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Es decir, hay que indicar los hechos que constituyen la justificación de la omisión. No basta lenguaje conclusivo. Díaz v. Tribunal Superior, supra; Dávila Mundo v. Hospital San Miguel Inc., 117 D.P.R. 807 (1986).
Así pues, se ha resuelto que no constituye fundamento para relevar a una parte de una sentencia al amparo del citado inciso, el hecho de que una secretaria de una compañía de seguros demandada por error, no enviara la correspondiente demanda a los abogados de la compañía para su contestación. González v. Chávez, 103 D.P.R. 474, 475-476 (1975). De igual forma se resolvió en Fine Art Wallpaper v. Wolff, 102 D.P.R. 451 (1974), donde el abogado promovente de la moción alegó para justificar la reapertura del caso que no pudo percatarse del señalamiento por estar alejado de la práctica de la profesión y que por una omisión involuntaria no solicitó la posposición del caso. En aquella ocasión y rechazando tal contención, nuestro Tribunal Supremo señaló que: "Esta mera alegación no constituye, ni puede constituir, negligencia excusable bajo la Regla 49.2. Los abogados no pueden descargar su responsabilidad profesional alegando, como en este caso un mero descuido". (Enfasis nuestro).
Tomando en consideración lo antes expuesto, debemos preguntarnos entonces lo siguiente: ¿Demostró Rivera ante el Tribunal de Primera Instancia, que existían circunstancias que ameritaban el relevo de la sentencia emitida por dicho foro el 21 de diciembre de 1995? Entendemos que no. Veamos.
En primer lugar, según se desprende del trasfondo procesal del caso ante el foro de instancia, Rivera ha sido patentemente negligente en la tramitación de su caso. Es decir, ésta hizo caso omiso a varios requerimientos del tribunal relativos a la moción de desestimación presentada por Castro; nunca contestó la reconvención radicada por Castro y, posteriormente, cuando se le anotó la rebeldía en cuanto a la misma, no compareció a oponerse. Correspondiendo a su negligencia tampoco compareció a ninguno de los señalamientos efectuados por el tribunal incluyendo el de la vista en su fondo el 21 de diciembre de 1995. En fin, y según expresara el foro de instancia en su sentencia, Rivera "incoó [su] demanda el día 3 de enero de 1995 y no hizo nada más que notificar el diligenciamiento del emplazamiento el 5 de enero de 1995 ante la Secretaría [del] Tribunal". (Enfasis nuestro).
En segundo lugar, somos de la opinión de que el alegado contratiempo al que hace referencia el representante legal de Rivera en su moción de reconsideración, posteriormente en la moción de relevo y, ahora ante nos, en el escrito de "Apelación", no constituye el error o la negligencia excusable a la que hace referencia la Regla 49.2, supra. Es decir, no debe perderse de vista que el señalamiento del 21 de diciembre de 1996, se hizo con ciento *729 catorce (114) días de antelación y á pesar de ello el Lie. Ortiz López, representante legal de Rivera, esperó hasta el último día antes de dicho señalamiento para informar al tribunal de los conflictos con su calendario. Esto, a todas luces, demuestra una negligencia inexcusable por parte del Ledo. Ortiz López en la tramitación del caso de Rivera, no la negligencia excusable que se expresa en la Regla 49.2 de Procedimiento Civil, supra. A estos efectos, no podemos olvidar lo expresado por nuestro Tribunal Supremo en Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 497 (1982), en cuanto a que "por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente". Por otro lado, no surge del expediente ante nos que Rivera, por sí, haya hecho algún tipo de gestión o se haya preocupado en la tramitación de su caso. Nótese, que a pesar de que el representante legal de Rivera aparentaba tener dificultades en llegar a tiempo a la vista del 21 de diciembre, Rivera tampoco hizo acto de presencia en la misma.
Por consiguiente, aunque reconocemos la norma de que debe existir una tendencia por parte de los tribunales de interpretar liberalmente las disposiciones de la Regla 49.2, supra, por el interés de que los casos se ventilen en sus méritos, Banco Central Corp. v. Gelabert Alvarez, supra, entendemos, sin embargo, que dicha tendencia no debe ser invocada en perjuicio de una parte que ha demostrado ser diligente, máxime cuando la parte que solicita el relevo exhibe un patrón reiterado de falta de diligencia. Garriga v. Maldonado Colón, supra; Dávila Mundo v. Hosp. San Miguel, Inc., supra.
En tercer y último lugar, aún si considerásemos lo ocurrido al representante legal de Rivera como la negligencia excusable a la que se elude en la Regla 49.2, supra, tenderíamos, de cualquier forma, a no conceder lo solicitado por Rivera. Ello por entender que la referida moción de relevo, a pesar de haber sido radicada dentro del término de seis (6) meses al que hace referencia dicha regla, bajo las circunstancias del presente caso, no fue radicada oportunamente. Nos explicamos.
En el presente caso la moción de relevo fue radicada por Rivera ciento treinta y dos (132) días después de haberse registrado la sentencia que nos ocupa, esto es, cuatro (4) meses y medio luego de haberse registrado dicha sentencia. Notamos, sin embargo, que los fundamentos o razones señalados en dicha moción, fueron idénticos o similares a los alegados por Rivera en su moción de reconsideración, presentada inmediatamente después de dictada la sentencia del 21 de diciembre de 1996. Ello significa que Rivera estaba apta y pudo haber presentado dicha moción de relevo mucho antes de la fecha en que lo hizo. Es decir, no entendemos, la razón por la cual Rivera se tardó cerca de cinco meses en radicar una moción de relevo para alegar, en esencia, lo mismo que había alegado en su moción de reconsideración, presentada varios días después de dictada la sentencia.
En adición y cónsono con lo anterior, ha resuelto nuestro más Alto Foro que aun cuando la regla 49.2 de Procedimiento Civil, supra, debe ser interpretada en forma liberal, esto no significa que pueda ser utilizada en sustitución de los recursos de revisión o reconsideración cuando el plazo para incoar los mismos ha transcurrido. Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294 (1989); Romero Santiago v. Fondo del Seguro del Estado, _ D.P.R. _ (1989), 89 J.T.S. 32, pág. 7520. De igual forma, tampoco precede una moción de relevo de sentencia como sustituto de una de apelación. Esto es, resulta improcedente levantar por vía de la Regla 49.2, supra, cuestiones substantivas que procedían levantarse antes de la sentencia como defensas afirmativas, o después de la sentencia en una de apelación. Rodríguez v. Tribunal Superior, 102 D.P.R. 290 (1974). Somos de la opinión que es precisamente ello lo que ha pretendido hacer Rivera en el presente caso. Es decir, dicha regla "no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado una sentencia correctamente dictada". Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974), lo que pretende Rivera que este Tribunal haga.
Lo precedentemente expuesto nos mueve a denegar la expedición del recurso.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*730 ESCOLIOS 96 DTA174
.1. Recurso al cual nuestra Secretaría le asignó la identificación alfanumérica, correspondiente a las apelaciones. Habida cuenta que lo que interesa la "apelante" es revisar una resolución, el procedente es el de certiorari, razón por la cual ordenamos a la Secretaría, que procediese a dar de baja el recurso como uno de apelación y le asignare, en su lugar, el número correspondiente a un certioran, lo que hizo asignándole la identificación Núm. KLCE-96-00888, correspondiente a un certiorari.
2. Exhibit 16, página 16 y 16A del escrito de "Apelación" de Rivera.
3. Exhibit 17, páginas 23 a la 25 del escrito de "Apelación" de Rivera.
4. Exhibit V, página 17 de la "Desestimación" de Castro.
5. Exhibit VI, página 18 de la "Desestimación" de Castro.
6. Exhibit VII, página 19 de la "Desestimación" de Castro.
7. Exhibit VIII, página 20, minuta del 29 de agosto de 1995, "Desestimación" de Castro.
8. Exhibit IX, páginas 21 y 22 de la "Desestimación" de Castro.
9. Exhibit X, página 22, "Desestimación" de Castro.
10. Exhibit 23, páginas 38-40 de la "Apelación" de Rivera.
11. Resulta académico despachar esta moción por razón de la decisión a que hemos llegado.
12. La sentencia en cuestión fue registrada y notificada de su archivo en autos a las partes el 28 de diciembre de 1995. La moción de relevo, por su parte, fue presentada el 6 de mayo de 1996.
13. No debemos olvidar que, por regla general, los tribunales deben resistirse a alterar sus pronunciamientos finales y firmes para no inquietar la estabilidad y certeza del derecho. Es contrario a esa certeza y orden público dejar al arbitrio de las partes litigantes por tiempo indefinido la enmienda de una sentencia y aprobar su pacto dirigido a modificar el estado de derecho para acomodarlos a eventos y desarrollos post sentencia. Sánchez Ramos v. Troche Toro, 111 D.P.R. 155 (1981).